# FIRST UNITARIAN CHURCH OF LOS ANGELES *v.* COUNTY OF LOS ANGELES ET AL.

No. 382.   Argued April 8, 1958.—Decided June 30, 1958.*

*A. L. Wirin* argued the causes for petitioners.   With him on the brief were *Fred Okrand, Robert L. Brock* and *George T. Altman.*

*Gordon Boller* argued the causes for respondents.   With him on the brief was *Harold W. Kennedy.*

Briefs of *amici curiae* urging reversal were filed by *Harold Evans* and *Allen S. Olmsted, 2nd,* for the Philadelphia Yearly Meeting of the Religious Society of Friends, and *Claude C. Smith* for the American Friends Service Committee, Inc., in No. 385, *Kenneth W. Greenawalt* for the American Civil Liberties Union, and *Stanley A. Weigel* and *Frank B. Frederick* for the First Methodist Church of San Leandro and the First Unitarian Church of Berkeley in Nos. 382 and 385.

---

*Together with No. 385, *Valley Unitarian-Universalist Church, Inc.,* v. *County of Los Angeles et al.,* also on certiorari to the same Court.

Mr. Justice Brennan delivered the opinion of the Court.

These are companion cases to *Speiser* v. *Randall* and *Prince* v. *City and County of San Francisco, ante,* p. 513. The petitioners claimed the property-tax exemption provided by Art. XIII, § 1½, of the California Constitution for real property and buildings used solely and exclusively for religious worship. The Los Angeles assessor denied the exemptions because each petitioner refused to subscribe, and struck from the prescribed application form, the oath that they did not advocate the overthrow of the Government of the United States and of the State of California by force or violence or other unlawful means nor advocate the support of a foreign government against the United States in the event of hostilities. Each petitioner sued in the Superior Court in and for the County of Los Angeles to recover taxes paid under protest and for declaratory relief. Both contended that the exaction of the oath pursuant to § 19 of Art. XX of the State Constitution and § 32 of the California Revenue and Taxation Code was forbidden by the Federal Constitution. The court upheld the validity of the provisions in the action brought by petitioner First Unitarian Church of Los Angeles, and the Supreme Court of California affirmed. 48 Cal. 2d 419, 311 P. 2d 508. We granted certiorari. 355 U. S. 853. The Superior Court in the action brought by petitioner Valley Unitarian-Universalist Church, Inc., upheld the validity of the provisions under the Federal Constitution but held that § 32 of the Revenue and Taxation Code violated the California Constitution because it excluded or exempted householders from the requirement. The Supreme Court of California reversed, 48 Cal. 2d 899, 311 P. 2d 540, and we granted certiorari, 355 U. S. 854.

In addition to the contentions advanced by the appellants in *Speiser* v. *Randall,* the petitioners argue that the

provisions are invalid under the Fourteenth Amendment as abridgments of religious freedom and as violations of the principle of separation of church and state. Our disposition of the cases, however, makes consideration of these questions unnecessary. For the reasons expressed in *Speiser* v. *Randall,* we hold that the enforcement of § 19 of Art. XX of the State Constitution through procedures which place the burdens of proof and persuasion on the taxpayer is a violation of due process.

The judgments are reversed and the causes remanded for proceedings not inconsistent with this opinion.

*Reversed and remanded.*

MR. JUSTICE BURTON concurs in the result.

THE CHIEF JUSTICE took no part in the consideration or decision of this case.

[For concurring opinion of MR. JUSTICE BLACK, joined by MR. JUSTICE DOUGLAS, see *ante,* p. 529.]

MR. JUSTICE DOUGLAS, with whom MR. JUSTICE BLACK agrees, concurring.

What I have said in *Speiser* v. *Randall* and *Prince* v. *San Francisco,* decided this day, *ante,* p. 532, is sufficient for these cases as well. But there is a related ground on which the decision in these *Unitarian* cases should rest. We know from the record one principle of that church:

> "The principles, moral and religious, of the First Unitarian Church of Los Angeles compel it, its members, officers and minister, as a matter of deepest conscience, belief and conviction, to deny power in the state to compel acceptance by it or any other church of this or any other oath of coerced affirmation as to church doctrine, advocacy or beliefs."

We stated in *Girouard* v. *United States,* 328 U. S. 61, 69, "The test oath is abhorrent to our tradition." See *American Communications Assn.* v. *Douds,* 339 U. S. 382, 445 (dissenting opinion). The reason for that abhorrence is the supremacy of conscience in our constitutional scheme. As we stated in *Board of Education* v. *Barnette,* 319 U. S. 624, 642, "If there is any fixed star in our constitutional constellation, it is that no official, high or petty, can prescribe what shall be orthodox in politics, nationalism, religion, or other matters of opinion or force citizens to confess by word or act their faith therein."

There is no power in our Government to make one bend his religious scruples to the requirements of this tax law.

MR. JUSTICE CLARK, dissenting.

For the reasons stated in my dissenting opinion in No. 483, *Speiser* v. *Randall,* and No. 484, *Prince* v. *San Francisco, ante,* p. 538, I cannot agree either that California law imposes the burden which the Court considers here, or that such a burden in any event would cause the procedure established by § 32 of the California Revenue and Taxation Code to violate the Due Process Clause of the Fourteenth Amendment. Again for reasons stated in my dissenting opinion in *Speiser* and *Prince, supra,* I find no violation of the constitutional right to freedom of speech.

The majority notes the further contention here that freedom of religion is abridged, but has no occasion to consider it. The California court found that no tenet of petitioners' respective religions embraces the activity which is the subject of the state provisions. Nor does it appear that such activity can be characterized as religious in nature. Cf. *Davis* v. *Beason,* 133 U. S. 333 (1890); *Reynolds* v. *United States,* 98 U. S. 145 (1879). I would affirm.