[Civ. No. 22680. Second Dist., Div. One. Sept. 18, 1958.]

THOMAS W. NELSON, Appellant, v. COUNTY OF LOS
ANGELES et al., Respondents.

A. L. Wirin, Fred Okrand and William T. Pillsbury for Appellant.

Harold W. Kennedy, County Counsel, William E. Lamoreaux, Assistant County Counsel, Fred R. Metheny and Ronald L. Schneider, Deputy County Counsel, for Respondents.

LILLIE, J.—By stipulation this appeal was consolidated for oral argument with the companion case of *Globe* v. *County of Los Angeles, Civil No. 22775, ante,* p. 595 [329 P.2d 971], this day decided, involving similar and related facts and questions of law.

On June 16, 1953, Thomas W. Nelson became a permanent civil service employee of the county of Los Angeles in the capacity of a medical social worker. On April 20, 1956, he was summoned to appear before a subcommittee on un-American activities of the United States House of Representatives and after being sworn refused to answer a series of questions pertaining to his political opinions, associations and knowing membership in the communist party. He based his refusal on the First Amendment of the United States Constitution and on a claim of privilege against self-incrimination under the Fifth Amendment. Petitioner was discharged from county employment on May 2, 1956, on the ground that he had been guilty of insubordination and a violation of section 1028.1 of the Government Code. Thereafter, he appealed to the civil

service commission and was granted a hearing before that body. Pursuant thereto, he personally appeared before it on June 11, 1956. On August 9, 1956, the commission filed its findings and conclusions. It found that petitioner refused to answer certain questions under oath as a witness before the United States House of Representatives Committee on Un-American Activities and concluded that he was guilty of insubordination and a violation of section 1028.1 of the Government Code and subject to discharge from employment.

Petitioner filed a petition for writ of mandate in the superior court seeking reinstatement. The trial court found that at the hearing before the civil service commission petitioner failed to offer any evidence as to his reasons for refusing to answer questions before the subcommittee, or to give explanation as to other matters germane thereto; and concluded that petitioner had been accorded a full and fair hearing on his discharge, at which he was given the opportunity to explain the reasons for his refusal to testify, and that he was discharged "in the manner provided by law." The petition for writ of mandate was denied and petitioner appeals from that judgment.

Unlike the companion case of *Globe* v. *County of Los Angeles, Civil Number 22775,* decided as of this date, petitioner herein, a permanent employee, upon his request, was accorded a hearing before the civil service commission. In the opinion of the trial court, as of the reviewing court in the present appeal, appellant was afforded the opportunity for a full hearing which due process requires under the cases of *Slochower* v. *Board of Higher Education of N. Y. City,* 350 U.S. 551 [76 S.Ct. 637, 100 L.Ed. 692], and *Board of Education* v. *Mass,* 47 Cal.2d 494 [304 P.2d 1015].

The record in the instant case discloses that at the hearing before the civil service commission petitioner appeared with counsel. The county of Los Angeles, after having offered, by way of stipulation, certain facts concerning petitioner's employment with the county of Los Angeles, his appearance before the United States House of Representatives Committee on Un-American Activities, his failure to answer certain questions, and a transcript of the hearing before the committee covering the testimony of petitioner, rested its case. The chairman then suggested that all witnesses be sworn and asked, "Is anybody going to testify in this case?" to which the petitioner's counsel answered: "Perhaps Mr. Nelson will testify."

Petitioner then offered his entire personnel file in evidence, together with a copy of the introductory statement made by Congressman Moulder as to the scope and purpose of the hearings before the House Committee on Un-American Activities. Before resting his case, counsel for petitioner stated, "The employee does not care to offer any evidence or testimony at this time. He merely wishes to make a statement through counsel as to his position in regard to his discharge." The chairman of the commission asked counsel if that meant he was ready to rest his case. Counsel answered in the affirmative and the chairman followed it up with the further question, "Now you just want to argue?" to which counsel replied, "That is all." The petitioner did not take the stand, offered no testimony and no witnesses. Counsel's argument was essentially an attack upon the constitutionality of section 1028.1 of the Government Code as applied to him.

Petitioner, although given a clear opportunity to do so, declined to testify at the hearing before the commission or offer any evidence concerning his reasons, if any, for refusing to testify before the House subcommittee or matters germane thereto.

Both parties rely upon *Slochower* v. *Board of Higher Education of N. Y. City, supra,* 350 U.S. 551, and *Board of Education* v. *Mass, supra,* 47 Cal.2d 494.

■ Any point raised by petitioner that the statutory requirements of section 1028.1 bar or prohibit his privilege of self-incrimination has heretofore been decided by the Supreme Court in the case of *Steinmetz* v. *California State Board of Education,* 44 Cal.2d 816 [285 P.2d 617]. The court said, at page 824: "Moreover, a person may properly be required to disclose information relevant to fitness and loyalty as a reasonable condition for obtaining or retaining public employment, even though the disclosure, under some circumstances, may amount to self-incrimination. (Citations.) ■ A public employee, of course, cannot be forced to give an answer which may tend to incriminate him, but he may be required to choose between disclosing information and losing his employment." A like holding is found in the case of *Board of Education* v. *Mass,* 47 Cal.2d 494 [304 P.2d 1015], relative to section 12604 of the Education Code, which contains substantially the same language found in section 1028.1, here under consideration. At page 498, the court stated: "A teacher may properly be required to disclose information relative to fitness and loyalty as a reasonable condition for obtaining or retain-

ing public employment, even though the disclosure under some circumstances may amount to self-incrimination. See *Steinmetz* v. *California State Board of Education*, 44 Cal.2d 816, 824 [285 P.2d 617] ; *Pockman* v. *Leonard*, 39 Cal.2d 676, 687 [249 P.2d 267] ; *Christal* v. *Police Com.*, 33 Cal.App.2d 564, 567 et seq. [92 P.2d 416].)''

■ Although the Supreme Court has previously held that under section 1028.1 of the Government Code and similar legislation providing for the dismissal of a public employee who fails or refuses to answer questions propounded by a legislative committee relating to past or present membership in the Communist party, an employee shall be deemed guilty of insubordination and dismissed in a manner provided by law (*Board of Education* v. *Mass*, 47 Cal.2d 494 [304 P.2d 1015] ; *Steinmetz* v. *California State Board of Education*, 44 Cal.2d 816 [285 P.2d 617] ; *Adler* v. *Board of Education*, 342 U.S. 485 [72 S.Ct. 380, 96 L.Ed. 517, 27 A.L.R.2d 472]), petitioner herein urges that section 1028.1 of the Government Code is unconstitutional as applied to him. He argues that to have explained his reasons for invoking the privilege at the hearing before the commission would have been meaningless under the statute because it flatly provides that any employee who refuses to answer on any ground whatsoever shall be guilty of insubordination and a violation of the section and shall be dismissed ''in the manner provided by law.''

The California Supreme Court does not accept this strict interpretation. (*Board of Education* v. *Mass*, 47 Cal.2d 494 [304 P.2d 1015].) It recognizes a discretion on the part of the employer which may be exercised if it deems the employee's reasons for refusing to answer sufficient. In discussing *Slochower* v. *Board of Higher Education of N. Y. City*, 350 U.S. 551 [76 S.Ct. 637, 100 L.Ed. 692], holding that summary dismissal violated the constitutional requirements of due process because no consideration is given to such factors as the subject matter of the questions, remoteness of the period to which they are directed, or justification for exercise of the privilege or whether the plea resulted from mistake, inadvertence, or legal advice conscientiously given, either wisely or unwisely, our Supreme Court in the Mass case made it clear that it understood that the Slochower case held that a public employee may be dismissed for invoking the privilege against self-incrimination only if ''after a full hearing in which he is afforded an opportunity to explain his reasons for claiming the privilege, it is determined that his

refusal to answer is sufficient under the circumstances to warrant dismissal.'' (P. 499.) A full hearing under section 1028.1 of the Government Code is guaranteed to a public employee by the use of the language ''in the manner provided by law.'' The court in the Mass case so interpreted this language, and at page 499 stated: ''Section 12604, as we have seen, provides for the dismissal of an employee 'in the manner provided by law,' and we construe these words to mean that, before an employee may be found guilty of insubordination or dismissed for refusing to answer under the claim of privilege against self-incrimination, there must be a full hearing and a determination that his reasons for invoking the privilege are not sufficient.'' Factors of the type mentioned in the Slochower decision should, of course, govern the determination as to the sufficiency of the employee's reasons. For what purpose would the Supreme Court insist on a full hearing to give the employee an opportunity to explain his reasons if the statute required a dismissal regardless of his explanation for refusing to answer?

If the scope of inquiry in the instant case was limited to a determination of whether he refused to answer the questions put to him by the committee, petitioner himself limited it. He was given the type of full hearing contemplated by the Slochower and Mass cases and section 1028.1 of the Government Code. Petitioner elected to remain silent.

██ Appellant argues that section 1028.1 of the Government Code, in its terms, by the use of the language: ''on any ground whatsoever'' does not permit a reason or justification for a refusal to answer questions, and that it requires a dismissal if petitioner refuses to answer on any ground whatsoever. Counsel confuses the *ground* upon which petitioner refused to testify, in effect the basis of his refusal, with the *reason* why he refused to answer on that ground. Our Supreme Court has held that the terms of the statute do permit a reason or justification for refusing to answer and require a hearing for the purpose of permitting the employee to give it, and a determination of the employer that he was or was not justified.

██ Any argument that the county should have questioned petitioner about his reasons for invoking the privilege is specious. The record discloses that he was given every opportunity to explain if he wished to do so and ''an opportunity to explain'' does not imply that the county must elicit the information from the employee. Whether his explanation

comes through query of the employer or the employee's own counsel would seem immaterial as long as the employee is given a full hearing in which he is afforded an opportunity to explain his reasons. The hearing is for the purpose of giving him the opportunity to explain. If he chooses to remain silent and not do so, he cannot now be heard to say he has been denied due process. If petitioner's hearing was limited in any way, it was limited by his own voluntary choice to remain silent. It is clear that petitioner was afforded the hearing which due process requires under the pronouncements of the United States and California Supreme Courts in the Slochower and Mass cases and there is no basis for setting aside his dismissal.

As to whether the congressional committee was a duly authorized committee, petitioner cites *Watkins* v. *United States,* 354 U.S. 178 [77 S.Ct. 1173, 1 L.Ed.2d 1273], claiming that the authorizing resolution in the instant case was too broad in its terminology empowering the committee to investigate un-American and subversive activities. Although the court in the Watkins case commented upon the indefinite nature of the authorization it did not hold it unconstitutional. In any event the factual situation in the Watkins case and in the one at bar are not similar, for in the Watkins case appellant was prosecuted for contempt after refusing to answer certain questions as to past communist party membership of other persons. Watkins had offered to answer such questions pertaining to himself. In the present situation there was no vagueness in reference to the subject matter of the inquiry or its relation to the investigative powers of the committee. Petitioner was asked directly in regard to his own communistic activities and refused to answer such inquiries.

 Petitioner contends that he was discharged for invoking the privilege and that the implication of guilt it carries was responsible for his dismissal. As a matter of fact, petitioner was discharged because he "was guilty of insubordination and guilty of violating section 1028.1 of the Government Code of the State of California." Whatever implication petitioner wishes to attach to his having invoked the privilege is immaterial here. The statute heretofore held constitutional defines the refusal to answer as "insubordination," which authorizes a dismissal in the manner provided by law. It has been long established by the United States Supreme Court and the California Supreme Court that there is a correlation

between loyalty and fitness and public employment. In *Board of Education* v. *Mass, supra,* at page 498, the court stated: "Loyalty on the part of public employees is essential to orderly and dependable government and is therefore relative to fitness for such employment." (*Steinmetz* v. *California State Board of Education,* 44 Cal.2d 816 [285 P.2d 617]; *Pockman* v. *Leonard,* 39 Cal.2d 676 [249 P.2d 267]; *Christal* v. *Police Com.,* 33 Cal.App.2d 564 [92 P.2d 416].) Section 1028.1 of the Government Code demands disclosure of information relative to such fitness as a reasonable condition for retaining employment even though the disclosure may constitute self-incrimination in some cases. It is clear that both insubordination and disloyalty are factors of fitness. The unquestioned basis for petitioner's dismissal was insubordination—a lack of cooperation. There appears in the record ample evidence of unfitness for county employment and a legal basis for discharge.

The judgment is affirmed.

White, P. J., and Fourt, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 13, 1958. Gibson, C. J., Carter, J., and Traynor, J., were of the opinion that the petition should be granted.