[L. A. No. 25651. In Bank. May 4, 1960.]

VIRGINIA WILSON, Petitioner, v. CITY OF LOS AN-
GELES BOARD OF CIVIL SERVICE COMMIS-
SIONERS et al., Respondents.

A. L. Wirin and Fred Okrand for Petitioner.

Roger Arnebergh, City Attorney, Bourke Jones, Assistant City Attorney, Weldon Weber and Walter W. Carrington, Deputy City Attorneys, for Respondents.

WHITE, J.—Virginia Wilson petitions for a writ of mandate, seeking to compel the Board of Civil Service Commissioners of the City of Los Angeles, its members and general manager, to vacate an administrative determination that the petitioner lacks qualifications for two civil service positions by reason of her prior discharge from employment by the county of Los Angeles after she had refused to subscribe to a loyalty oath in 1948.

The petitioner made application in 1958 and in 1959 to the Civil Service Commission of the City of Los Angeles for employment as "senior clerk" and as "medical investigator," respectively. Inquiry was made as to the petitioner's former employment and her reasons for terminating such employments. In written response thereto she stated in each application that she had been employed by the county of Los Angeles and that in 1948 she had been "discharged for refusal to sign type of 'loyalty' oath in use by the County at said time." Thereafter she received notices of and took written professional examinations for the positions for which she had applied. She prepared for and passed both examinations with high marks. She then appeared for an oral exami-

nation for the position of senior clerk at which time she stated that she had refused to sign the prior oath as a matter of principle, but that she was quite willing to sign the oath currently required of all public employees in the State of California. (Const., art. XX, § 3.) She stated further that she was not, and never had been a member of the Communist party, nor a communist. The petitioner was later given an oral examination for medical investigator. She was advised that she had passed both oral examinations, and that she had qualified for both positions. She has not received an appointment to either position.

On March 31, 1959, the petitioner was advised by the general manager of the commission that she was disqualified for appointment to either position by reason of the "nature of the discharge from another governmental agency," reference being made to the petitioner's discharge from the county of Los Angeles in 1948. On appeal to the commission the ruling of the general manager was affirmed.

It appears that the circumstances of the petitioner's discharge in 1948 were before this court in *Hirschman* v. *County of Los Angeles,* 39 Cal.2d 698 [249 P.2d 287, 250 P.2d 145]. Her objection to subscribing to the oath at that time appears to have been based upon her disinclination, for reasons of conscience, to disavow membership in particular organizations which, according to her knowledge, did not advocate the overthrow of the government of the United States by force and violence. We affirmed a judgment denying a writ of mandate seeking to compel the county civil service commission to reinstate the petitioner and other plaintiffs in that case to their employment, holding at page 702, that, "public employees may properly be required to furnish information regarding their memberships in organizations which, to their knowledge, have advocated the overthrow of the government by force and violence." (See also *Pockman* v. *Leonard,* 39 Cal.2d 676 [249 P.2d 267].)

The right which the petitioner seeks to preserve here—that is, the right to public employment providing that such employment is available and that she meets all reasonable requirements—is entitled to protection, at least against deprivation thereof by arbitrary means. In *Wieman* v. *Updegraff,* 344 U.S. 183 [73 S.Ct. 215, 97 L.Ed. 216], the Supreme Court held that the State of Oklahoma could not exclude public servants from employment for their refusal to take a loyalty oath disavowing membership in certain

organizations regardless of such persons' knowledge of the activities of the organizations. The court stated at page 192: "We need not pause to consider whether an abstract right to public employment exists. It is sufficient to say that constitutional protection does extend to the public servant whose exclusion pursuant to a statute is patently arbitrary or discriminatory." (See also *Board of Education* v. *Mass,* 47 Cal.2d 494, 498-499 [304 P.2d 1015].) The question then arises whether the commission acted in an arbitrary or discriminatory manner in disqualifying the petitioner.

In instances in this state where courts have sustained requirements that those seeking to obtain or seeking to retain public employment or other public benefits are required to subscribe to a so-called loyalty oath they have uniformly done so on the rationale that the state or municipality has a right to inquire into the applicant's qualifications, and that loyalty has a direct bearing on the qualification necessary for the employment or other benefit under consideration. (See *Board of Education* v. *Mass, supra,* 47 Cal.2d 494; *Steinmetz* v. *California State Board of Education,* 44 Cal.2d 816 [285 P.2d 617] ; *Pockman* v. *Leonard, supra,* 39 Cal.2d 276; *Christal* v. *Police Commission,* 33 Cal. App.2d 564 [92 P.2d 416] ; see also *Garner* v. *Los Angeles Board of Public Works,* 341 U.S. 716 [71 S.Ct. 909, 95 L.Ed. 1317] ; *Gerende* v. *Baltimore City Board of Supervisors of Elections,* 341 U.S. 56 [71 S.Ct. 565, 95 L.Ed. 745].) But where there is no rational and substantial connection between the nature of the investigation into loyalty and the qualification of the applicant an inquiry which requires that he disclose his political affiliations and beliefs constitutes an unreasonable and capricious infringement on the freedoms protected by the Fourteenth and First Amendments of the federal Constitution and article I, section 9 of the California Constitution. To predicate the granting or withholding of public benefits on such an inquiry has been held a denial of due process. (*Konigsberg* v. *State Bar,* 353 U.S. 252 [72 S.Ct. 722, 1 L.Ed.2d 810] ; *Wieman* v. *Updegraff, supra,* 344 U.S. 183; *Speiser* v. *Randall,* 357 U.S. 513 [78 S.Ct. 1332, 2 L.Ed.2d 1460] ; *First Unitarian Church* v. *County of Los Angeles,* 357 U.S. 545 [78 S.Ct. 1350, 2 L.Ed.2d 1484].)

In the present case there appears to be no question that judging the petitioner on her presently demonstrated qualifications, that she is qualified in all respects. It is to be noted that it is not a change in the petitioner's views which makes

her presently qualified insofar as the oath requirement is concerned, but rather a change in the nature of the oath itself which is a prerequisite to qualification. [██ Thus, the question of her disqualification at an earlier date for failure to swear to the oath then required, has no more bearing on her present qualification than would her failure to meet prior educational requirements since abandoned. But we need not resolve the issue on that ground alone. We cannot assume, without arbitrarily doing so, that one who might have been disqualified for reasons of prior associations reflecting on loyalty, will forever after remain disqualified for that reason. In *Konigsberg* v. *State Bar*, 52 Cal.2d 769 [344 P.2d 777], we indicated that present willingness to answer questions as to one's loyalty, although there had been a prior refusal to do so, was sufficient to meet the requirements for admission to the state bar, the applicant being otherwise qualified. In that case the United States Supreme Court criticized findings of present status based only on earlier events and associations, and held that even prior membership in the Communist party "is not an adequate basis for concluding that he is disloyal. . . ." (*Konigsberg* v. *State Bar, supra,* 353 U.S. 252, 273.)

The commission contends that it is entitled to rely on the petitioner's past conduct as relevant to her present fitness, citing *Garner* v. *Los Angeles Board of Public Works, supra,* 341 U.S. 716, 736. But in that case, too, the Supreme Court did not deem a prior refusal to take the oath there involved to constitute a permanent bar to public employment, suggesting that the city of Los Angeles give the employees another "opportunity to take it as interpreted and resume their employment." (P. 724.)

It is contended by the commission, pursuant to its own rules and its authority to prescribe them (Los Angeles City Charter, § 101), that it properly disqualified the petitioner as one who "has been discharged or who resigned upon request or to avoid discharge from any position in the public service or private industry." (Rules of Los Angeles City Civil Service Commission, rule 3, § 3.5(f).) The commission further contends that the disqualification of an applicant for municipal employment by the civil service commission of a charter city is a matter solely of local concern. (See *Department of Water & Power* v. *Inyo Chemical Co.,* 16 Cal.2d 744 [108 P.2d 410].) But we are referred to no

case in which it is suggested that where a matter is of local concern only, the authorities may administer such matters in an arbitrary and capricious manner. ■ We are bound by those decisions of the United States Supreme Court which impose the requirements of due process on all governmental action, including the determination of loyalty as a qualification for municipal employment. (*Cf. Garner* v. *Los Angeles Board of Public Works, supra*, 341 U.S. 716, 720-721, as applied to the Los Angeles City Charter.)

■ The petitioner's qualifications are sufficiently demonstrated. She has indicated her willingness to subscribe to the present oath and she disavows membership in the Communist party at any time. The record fails to show that she was confronted by any other evidence bearing on the question of her present loyalty. The commission refers, however, to other evidence of the petitioner's conduct at a school board meeting during which, it is claimed, the petitioner denounced the oaths presently required of all public school teachers, attacked political and religious leaders, and refused to pledge allegiance to the United States flag as ''meaningless nonsense.'' It was conceded by the commission at oral argument, however, that the petitioner was not confronted with such matters nor given an opportunity to defend against or explain away such charges. Furthermore, the transcript of the hearing on appeal to the commission indicates that the commission itself relied only on the petitioner's prior discharge as grounds for her present disqualification. The motion, as proposed by one of the commissioners and unanimously adopted by the board, was as follows: ''I move that the report of the General Manager of April 14, 1959, with respect to Virginia E. Wilson, be adopted, since Virginia E. Wilson was discharged from the County.''

From the foregoing it is manifest that the relevancy of the petitioner's refusal to subscribe, for reasons of conscience, to a different oath eleven years earlier, and her discharge from public office at that time, is too remote to deprive her of consideration at this time in view of her present willingness to take the required oath and her denial of, at any time, being a member of the Communist party. Under the cases, both federal and state, herein cited, to disqualify the petitioner upon the ground relied on by the commission must be regarded as arbitrary and therefore unwarranted. However, we do not wish to foreclose to the commission its right to determine the petitioner's present qualifications based on matters presently

pertinent to her loyalty in a proceeding in which she is accorded a fair and full hearing. Accordingly, a peremptory writ should issue setting aside the commission's determination that the petitioner is disqualified for the employment she seeks, and requiring the commission to redetermine the petitioner's qualification at a subsequent hearing in accordance with the views expressed herein.

It is so ordered.

Gibson, C. J., Traynor, J., Schauer, J., McComb, J., Peters, J., and Dooling, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.