[Civ. No. 24242.   First Dist., Div. Four.   Jan. 31, 1968.]

SAMUEL   HOFBERG,   Plaintiff   and   Respondent,   v.
COUNTY OF LOS ANGELES CIVIL SERVICE COM-
MISSION, Defendant and Appellant.

434

Harold W. Kennedy, County Counsel, Ronald L. Schneider and Mitchell L. Lathrop, Deputy County Counsel, for Defendant and Appellant.

A. L. Wirin, Fred Okrand and Laurence R. Sperber for Plaintiff and Respondent.

CHRISTIAN, J.—The Civil Service Commission of the County of Los Angeles appeals from a judgment mandating it to certify respondent Hofberg's eligibility for appointment as a social worker in the county service.

Hofberg had been discharged from county employment in 1957 because the previous year, in an appearance before the House of Representatives Committee on Un-American Activities, he asserted Fifth Amendment privilege and refused to answer certain questions coming within the provisions of Government Code, section 1028.1.[1] In 1964, Hofberg sought reemployment by the county, and on the application form disclosed the particulars of his former employment and the reason for his discharge. He took and passed a written examination, but appellant commission withheld his name from the

---

[1] "§ 1028.1. It shall be the duty of any public employee who may be subpenaed or ordered by the governing body of the state or local agency by which such employee is employed, to appear before such governing body, or a committee or subcommittee thereof, or by a duly authorized committee of the Congress of the United States or of the Legislature of this State, or any subcommittee of any such committee, to appear before such committee or subcommittee, and to answer under oath a question or questions propounded by such governing body, committtee or subcommittee, or a member or counsel thereof, relating to:

(a) Present personal advocacy by the employee of the forceful or violent overthrow of the Government of the United States or of any state.

(b) Present knowing membership in any organization now advocating the forceful or violent overthrow of the Government of the United States or of any state.

(c) Past knowing membership at any time since October 3, 1945, in any organization which, to the knowledge of such employee, during the time of the employee's membership advocated the forceful or violent overthrow of the Government of the United States or of any state.

(d) Questions as to present knowing membership of such employee in the Communist Party or as to past knowing membership in the Communist Party at any time since October 3, 1945.

eligible list, under authority of a commission rule[2] which provides generally that the commission may withhold certification of an applicant whose previous work history is unsatisfactory.

Hofberg appealed this decision to the Secretary and Chief Examiner of the Civil Service Commission, requesting a hearing and declaring his willingness to answer any question propounded by the County of Los Angeles or the Civil Service Commission which he had previously refused to answer before the House Un-American Activities Commission. Hofberg was informed by letter that his appeal was denied pursuant to rule 7.04, subdivision (g), and that "sufficient facts exist for continuing to withhold [his] name from the eligible list, . . ." Hofberg again appealed to the commission, requesting a hearing and requesting to be apprised of the "facts sufficient" for withholding his name. The appeal was denied, but the commission asked him to submit all materials he wanted considered. The commission also asked, "[I]f called, will you now make a statement as to whether or not you would be willing to appear before the House Committee on Un-American Activities, or other Committeee, or sub-Committee of the Congress of the United States, or to the Legislature of this State or of this County, to answer under oath questions propounded by such Committee or sub-Committees pursuant to 1028.1 of the Government Code of California." In his reply, Hofberg repeated his request for a hearing in order to answer any questions relating to his fitness and asked to be informed of the "sufficient facts" referred to by the commission. He stated that he would be willing to appear before the House

(e) Present personal advocacy by the employee of the support of a foreign government against the United States in the event of hostilities between said foreign government and the United States.

Any employee who fails or refuses to appear or to answer under oath on any ground whatsoever any such questions so propounded shall be guilty of insubordination and guilty of violating this section and shall be suspended and dismissed from his employment in the manner provided by law.''

[2]Civil Service Commission Rule 7.04, subdivision (g):

''The Secretary and Chief Examiner, subject to the right of any person aggrieved to appeal to the Commission as provided in Rule 5, may refuse to accept an application or to examine an applicant, or may withhold the name of a person from the eligible list or an eligible from certification, or the Commission, after notice, may remove the name of an eligible from the list:

''. . .

''(g) Who has been dismissed or has resigned in lieu of discharge from any position, public or private, for any cause which would be a cause for dismissal from County service; or whose record of employment has not been satisfactory in the County service; or with any other agency or firm.''

Committee and other committees of the United States Congress but on advice of counsel he would, on Fifth Amendment grounds, refuse to answer the questions set out in section 1028.1. He added, though, that he would appear before any state or county committee or sub-committee and answer any such questions.

" [A]fter a review of the written materials submitted by all parties concerned," the commission sustained the action of the secretary and chief examiner in withholding Hofberg's name from the eligible list. Hofberg was not granted a hearing, was not apprised of the facts deemed sufficient to continue withholding his name, and was not asked any questions relating to his fitness. He thereupon petitioned the superior court for a writ of mandate.

While the mandate proceeding was pending, Hofberg submitted a letter to the commission in which he retreated from his prior categorical refusal to answer questions before committees and sub-committees of the United States Congress. This letter stated:

"If so called before the House of Representatives Committee on Un-American Activities, it is my present intention, as to questions to which I may properly do so, to, on advice of counsel, invoke the privilege of the Fifth Amendment to the United States Constitution. If so called before another Committee or sub-committee of the Congress of the United States, I would answer, under oath, questions propounded by such Committee or sub-Committee, pursuant to 1028.1 of the Government Code of California, and waive the privilege of the Fifth Amendment to the United States Constitution.

"I would also, again, like to make crystal clear that if asked by you or any other employing agency or person of the County of Los Angeles, questions pursuant to Government Code 1028.1, I would answer such questions under oath, and waive my United States Constitution Fifth Amendment privilege and any similar privilege under the California Constitution."

On the basis of this letter, Hofberg asked the commission to reconsider its position. The commission replied that his new statement of intention did not justify a different conclusion.

The court concluded that the commission's refusal, without a hearing, to certify Hofberg for employment was arbitrary and unreasonable. A writ of mandate issued.

■ Appellant Civil Service Commission contends that Government Code, section 1028.1 makes it the duty of all public employees to give testimony regarding subversive activities before local, state and federal investigative bodies. Where Hofberg has declared his present intention to invoke Fifth Amendment privilege if he is ever called again before the House Un-American Activities Committee the contention is that it is not arbitrary, unreasonable or capricious to withhold his name from the list of persons eligible for employment.

■ Although public employment is not a constitutional right, one cannot properly be barred from public employment for arbitrary, unreasonable and capricious reasons. (*Wieman* v. *Updegraff* (1952) 344 U.S. 183 [97 L.Ed.2d 216, 73 S.Ct. 215]; *Cramp* v. *Board of Public Instruction* (1961) 368 U.S. 278 [7 L.Ed.2d 285, 82 S.Ct. 275]; *Board of Education* v. *Swan* (1953) 41 Cal.2d 546 [261 P.2d 261]; *Fort* v. *Civil Service Com.* (1964) 61 Cal.2d 331 [38 Cal.Rptr. 625, 392 P.2d 385]. ■ Earlier cases allowed broad latitude to governmental entities in excluding from their employment persons suspected of being unsuitable because of disloyalty. But in *Slochower* v. *Board of Higher Education of City of N.Y.* (1956) 350 U.S. 551 [100 L.Ed. 692, 76 S.Ct. 637] the Supreme Court strongly condemned the practice of drawing a sinister inference from the exercise of one's Fifth Amendment rights. The court pointed to the difference between an inquiry by Slochower's employer, the City of New York, into his fitness and a discharge based on events occurring before a federal investigative committee. The court held that the summary dismissal violated due process since the statute indiscriminately affected all who invoke Fifth Amendment privilege.

In *Board of Education* v. *Mass* (1956) 47 Cal.2d 494 [304 P.2d 1015], which arose under language in Education Code, section 12604, almost identical to that of Government Code, section 1028.1, an instructor at City College of San Francisco refused on Fifth Amendment grounds to answer questions put to him by the House Un-American Activities Committee. Mass was charged with insubordination despite his offer to answer, under oath, any questions the board wished to ask. The offer was refused, the board apparently believing that section 12604 compelled dismissal regardless of Mass' reason for invoking the privilege. The California court, applying *Slochower*, concluded that the proviso in section 12604 "in the manner

provided by law" must be held to mean an employee cannot be discharged for insubordination without a full hearing. At this hearing, the employer should consider the subject matter of the question, remoteness, and justification for the exercise of the privilege.

In *Nelson* v. *County of Los Angeles* (1958) 163 Cal.App.2d 607 [329 P.2d 978]; affd. (1960) 362 U.S. 1 [4 L.Ed.2d 494, 80 S.Ct. 527], it was held that where a hearing is held, and the employee fails to explain his refusal to answer questions falling within the provisions of Government Code, section 1028.1, his resulting discharge does not display the automatic inference of guilt from the exercise of a constitutional right condemned in *Slochower*. It does not violate due process for a state to secure information relevant to security matters through a federal body. (362 U.S. at p. 8 [4 L.Ed.2d at p. 499].) The court distinguished *Slochower* on the grounds that the dismissal was based on insubordination in refusing to answer although specifically ordered by his employer to do so, rather than on any statutory inference of guilt as in *Slochower*. The Supreme Court granted certiorari in *Nelson* and its companion case, *Globe* v. *County of Los Angeles* (1958) 163 Cal.App.2d 595 [329 P.2d 971]. (See *Nelson* v. *County of Los Angeles* (1958) 362 U.S. 1 [4 L.Ed.2d 494, 80 S.Ct. 527].) In *Nelson* and *Globe,* the Supreme Court followed *Beilan* v. *Board of Public Education* (1958) 357 U.S. 399 [2 L.Ed.2d 1414, 78 S.Ct. 1317] and *Lerner* v. *Casey* (1958) 357 U.S. 468 [2 L.Ed.2d 1423, 1433, 78 S.Ct. 1311, 1324], and held that the summary dismissal (without a hearing) of Globe, a temporary employee, did not violate due process.

The United States Supreme Court has upheld the dismissal of employees on grounds of incompetency or unreliability when they have refused to answer inquiries from their superiors. In *Beilan* v. *Board of Public Education, supra,* 357 U.S. 399, Beilan refused to say whether or not he was press director of the Communist Political Association in 1944. His superior, who conducted the inquiry, warned him that a real question of Beilan's fitness to be a teacher existed and that failure to answer might lead to dismissal. Beilan was charged with incompetency for failure to answer; the question of loyalty was not an issue. The court reasoned that since a teacher's work enables him to shape the attitude of young minds toward society, each teacher undertakes an obligation of frankness, candor and cooperation in answering inquiries

bearing on his fitness. Since Beilan's dismissal was based on his refusal to answer questions relating to his fitness and no impermissible inference was drawn from the refusal, the court upheld the dismissal on the ground of incompetency.

In *Lerner* v. *Casey* (1958) 357 U.S. 468 [2 L.Ed.2d 1423, 1433, 78 S.Ct. 1311, 1324], a New York subway conductor was dismissed pursuant to the New York Security Risk Law on the ground that he was of doubtful trust and reliability. When called before the Commissioner of Investigation of the City of New York, he invoked Fifth Amendment privilege against the question whether he was then a Communist. Appellant contended that the finding that he was of doubtful trust was inferred from his refusal to state whether he was a Communist. The court rejected this contention and said the doubt as to his reliability arose from his refusal to answer a relevant question put by his employer. In effect, it was appellant's lack of candor which provided evidence of his doubtful trust and reliability. Thus this case is distinguishable from *Slochower*, on the grounds that Professor Slochower refused to answer before a federal committee and appellant failed to respond to his employer. Moreover, Professor Slochower was dismissed for exercising his constitutional right, whereas Beilan and Casey were dismissed on grounds of incompetency and doubtful reliability.

In a California case prior to *Beilan* and *Lerner*, an associate professor at San Diego State College was dismissed pursuant to Government Code, section 1028.1 for refusing to tell the State Board of Education whether he was or had been a member of the Communist Party. (*Steinmetz* v. *California State Board of Education* (1955) 44 Cal.2d 816 [285 P.2d 617].) The court recognized the government's right to make reasonable inquiries into an employee's loyalty and fitness. An employee's past or present membership in the Communist Party is material. (*Garner* v. *Board of Public Works of the City of Los Angeles* (1951) 341 U.S. 716 [95 L.Ed. 1317, 71 S.Ct. 909].) The *Steinmetz* court noted that section 1028.1 compelled disclosure to the employer of membership in proscribed organizations; the statute does not provide for discharge or disqualification because of membership or refusal to deny membership under oath. The court upheld both the constitutionality of section 1028.1 and the dismissal, declaring that "[A] person may properly be required to disclose information relevant to fitness and loyalty as a reasonable

condition for obtaining or retaining public employment, even though the disclosure, under some circumstances, may amount to self-incrimination. [Citations.] A public employee, of course, cannot be forced to give an answer which may tend to incriminate him, but he may be required to choose between disclosing information and losing his employment.'' (44 Cal. 2d at pp. 824-825; see also *Board of Education* v. *Cooper* (1955) 136 Cal.App.2d 513 [289 P.2d 80], upholding a dismissal under similar provisions of the Education Code.)

The present situation, where an employee is dismissed pursuant to statute for invoking his Fifth Amendment privilege, then reapplies for certification, is not without precedent. In *Board of Education* v. *Mass, supra,* 47 Cal.2d 494, a dismissal was annulled and the cause remanded for further proceedings because a full hearing had not been granted. Thereafter Mass applied for a general secondary school credential. In 1961 the State Board of Education sought an opinion by the Attorney General on the question whether the board has authority to deny an application for a credential solely because the applicant invoked the Fifth Amendment before a federal committee. (37 Ops.Cal.Atty.Gen. 112.) After reviewing the pertinent sections of the Education Code (those analogous to Government Code section 1028.1), the Attorney General concluded that *Slochower* and *Mass* have modified and restricted the broad holdings of *Garner* v. *Board of Public Works of the City of Los Angeles, supra, Board of Education* v. *Cooper, supra,* and *Laguna Beach etc. School Dist.* v. *Lewis* (1956) 146 Cal.App.2d 463 [304 P.2d 59]. Now, under *Slochower* and *Mass,* a hearing must be held to determine whether the individual had legally sufficient reasons for relying on his privilege against self-incrimination. The opinion concluded that to deny the application solely on the ground of invoking the Fifth Amendment would be unconstitutional state action. The opinion distinguished *Nelson* v. *County of Los Angeles, supra,* on the ground that Nelson was afforded a full hearing.

*Wilson* v. *City of Los Angeles, etc. Comrs.* (1960) 54 Cal.2d 61 [4 Cal.Rptr. 489, 351 P.2d 761], is another case where, after a former employee had passed both the oral and written examinations, her application for reemployment was denied. She had been discharged in 1948 for refusing to sign a loyalty oath. Her present intention was to sign the revised oath. The Supreme Court stated, ''the right to public employment providing that such employment is available and that she meets

all reasonable requirements—is entitled to protection, at least against deprivation thereof by arbitrary means." (54 Cal.2d at p. 63.) The disqualification in 1948 because she refused to sign the oath was no longer material since the oath was changed. The court also reasoned that it would be arbitrary and unreasonable to maintain forever a disqualification for reasons of prior associations reflecting on loyalty. (54 Cal.2d at p. 65; see also *Konigsberg* v. *State Bar of California* (1957) 353 U.S. 252, 273 [1 L.Ed.2d 810, 825, 77 S.Ct. 722].) The court's decision did not preclude the commission from investigating her present loyalty in a proceeding in which she is accorded a fair hearing.

█ The purpose of section 1028.1 is to compel the disclosure of information concerning an employee's membership in proscribed organizations in order that his fitness and loyalty may be evaluated. The Legislature has provided that this information may be obtained by a federal, state or local agency. (See *Nelson* v. *County of Los Angeles, supra,* 362 U.S. 1, 8.) █ Here respondent repeatedly asserts his willingness to answer any questions based on section 1028.1 that his employer or any other local, state or federal body except the House Committee on Un-American Activities may ask. All information relevant to loyalty and subversive activities, bearing on Hofberg's fitness as a county employee, can be obtained by the commission's merely asking respondent. In fact respondent states that he would, if called before the House Committee, invoke the Fifth Amendment only as to questions where the constitutional privilege might apply.

Thus there does not appear to be any relationship between the county's proper interest in recruiting a fit employee and Hofberg's possible future refusal to answer some unknown question at a hypothetical future hearing. █ "When the government seeks to require a limitation of constitutional rights as a condition of public employment, it bears the heavy burden of demonstrating the practical necessity for the limitation. The conditions annexed to the publicly conferred benefit must reasonably tend to further the purposes of the government in granting the benefit, and the utility of imposing the conditions must manifestly outweigh the impairment of constitutional rights." (*Vogel* v. *County of Los Angeles* (1967) 68 Cal.2d 18, 21 [64 Cal.Rptr. 409, 434 P.2d 961]; see also *Bagley* v. *Washington Township Hospital Dist.* (1966) 65

Cal.2d 499, 505 [55 Cal.Rptr. 401, 421 P.2d 409]. ██ Under the facts presented here we have not been able to discover any substantial element of utility to support the commission's position.

The judgment is affirmed.

Devine, P. J., and Rattigan, J., concurred.