[No. F014642. Fifth Dist. Feb. 25, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
DAMIN KEITH BANNER III, Defendant and Appellant.

[No. F015946. Fifth Dist. Feb. 25, 1992.]

In re DAMIN KEITH BANNER III on Habeas Corpus.

**[Opinion certified for partial publication.*]**

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts I.C., I.D., I.E., I.F., I.G., I.H., II, III, IV, V, and the "Facts."

1316

**COUNSEL**

James T. Wilson, under appointment by the Court of Appeal, for Defendant and Appellant and for Petitioner.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Acting Assistant Attorney General, Margaret Garnand Venturi and Harry Joseph Colombo, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**MARTIN, Acting P. J.**—Upon the court's own motion the petition for writ of habeas corpus in *In re Damin Keith Banner III* (No. F015946) was ordered

consolidated with the appeal of *People* v. *Damin Keith Banner III* (No. F014642) on June 26, 1991.

Appellant Damin Keith Banner III was charged with second degree robbery in violation of Penal Code section 212.5, subdivision (b) in count I.[1] It was further alleged appellant used a knife in the commission of the offense in violation of section 12022, subdivision (b). Appellant's two prior felony convictions were alleged alternatively pursuant to section 667, subdivision (a), and section 667.5, subdivision (b).

Appellant was also charged with being under the influence of a controlled substance in violation of Health and Safety Code section 11550 in count II and possession of narcotics paraphernalia in violation of Health and Safety Code section 11364 in count III. Counts II and III are misdemeanors. Trial on the prior felony convictions was bifurcated pending the jury's verdict with respect to count I.

On July 19, 1990, the jury found appellant guilty as charged in counts I, II, and III. The allegation regarding use of a knife was also found to be true. Appellant waived jury trial on the prior prison term allegations. The trial court found the allegations true following appellant's admissions and its consideration of documentary evidence.

The trial court denied appellant's application for probation and an aggravated term of five years was imposed on count I together with an additional year pursuant to the section 12022, subdivision (b) finding, and separate five-year terms for each of appellant's two prior serious felony convictions pursuant to section 667, subdivision (a), for a total state prison sentence of sixteen years. The county jail sentences on counts II and III were ordered to run concurrently with the state prison sentence on count I.

A timely notice of appeal was filed on September 18, 1990.

FACTS*

. . . . . . . . . . . . . . . . . . . . . . . . . .

DISCUSSION

I.   INEFFECTIVE ASSISTANCE OF COUNSEL

Initially on appeal and ultimately by way of petition for writ of habeas corpus, appellant makes numerous separate arguments claiming he received

---

[1]All statutory references are to the Penal Code unless otherwise indicated.
*See footnote, *ante*, page 1315.

ineffective assistance of counsel requiring a reversal of the judgment of conviction.

### A.  Introduction.

■  Under both the Sixth Amendment to the United States Constitution and article I, section 15, of the California Constitution, a criminal defendant has the right to the assistance of counsel. (E.g., *Strickland* v. *Washington* (1984) 466 U.S. 668, 684-685 [80 L.Ed.2d 674, 691-692, 104 S.Ct. 2052]; *People* v. *Pope* (1979) 23 Cal.3d 412, 422 [152 Cal.Rptr. 732, 590 P.2d 859, 2 A.L.R.4th 1].) The ultimate purpose of this guaranty is to protect the defendant's fundamental right to a trial that is both fair in its conduct and reliable in its result. (*People* v. *Ledesma* (1987) 43 Cal.3d 171, 215 [233 Cal.Rptr. 404, 729 P.2d 839].)

"Construed in light of its purpose, the right entitles the defendant not to some bare assistance but rather to *effective* assistance. (E.g., *Strickland, supra,* 466 U.S. at p. 686 . . . ; *Pope, supra,* 23 Cal.3d at pp. 423-424.) Specifically, it entitles him to 'the reasonably competent assistance of an attorney acting as his diligent, conscientious advocate.' [Citations.]" (43 Cal.3d at p. 215.)

■  A successful claim of ineffective assistance of counsel requires a showing that the attorney's deficient representation resulted in the withdrawal of a potentially meritorious defense. (*People* v. *Pope, supra,* 23 Cal.3d 412, 425.) The court may also find ineffective assistance of counsel if the petitioner establishes that counsel failed to perform with reasonable competence and that it is reasonably probable a determination more favorable to the petitioner would have resulted if counsel had performed within reasonable standards. (*People* v. *Fosselman* (1983) 33 Cal.3d 572, 584 [189 Cal.Rptr. 855, 659 P.2d 1144]. See also *People* v. *Lewis* (1990) 50 Cal.3d 262, 288 [266 Cal.Rptr. 834, 786 P.2d 892].)

### B.  Jury Selection.

■  Proposition 115 took effect on June 6, 1990. (*Tapia* v. *Superior Court* (1991) 53 Cal.3d 282, 286 [279 Cal.Rptr. 592, 807 P.2d 434].) The new voir dire statute provides that the court rather than the attorneys "shall conduct the examination of prospective jurors" and that the examination "shall be conducted only in aid of the exercise of challenges for cause." (Prop. 115, § 7, codified as Code Civ. Proc., § 223.) In *Tapia,* our Supreme Court held that Proposition 115 could be applied retrospectively to the extent its provisions addressed the conduct of trials to be conducted after

its enactment. (*Tapia* v. *Superior Court, supra,* 53 Cal.3d at pp. 296-297, 301.)[5]

The trial court in this case conducted voir dire pursuant to the procedures established in Proposition 115. Trial counsel was given an opportunity to voir dire for cause, but declined stating ". . . particularly after Proposition 115 I appreciate very much this Court's offer, but I have no questions because this is an unusual case." Trial counsel subsequently declined another offer to voir dire a juror stating ". . . because of the nature of the case I will forego the temptation to question."

Defense counsel accepted the jury without exercising any peremptory challenges, even allowing a juror to serve who said ". . . ten years ago I was mugged by an addict."

Appellant contends by way of his habeas petition that trial counsel's performance during jury selection deprived petitioner of the effective assistance of counsel at a critical stage of the proceedings. ▮▮▮ Moreover, appellant claims trial counsel was deficient for failing to make a motion challenging the constitutional validity of the jury selection procedures established by Proposition 115 on equal protection and due process grounds.

▮▮▮ Appellant's claim of ineffective assistance of counsel *during* jury selection must be rejected outright, as appellant fails to establish that he was prejudiced in any way by defense counsel's conduct during voir dire. Appellant has not established that counsel failed to perform within reasonable competence and that it was reasonably probable a determination more favorable to appellant would have resulted if counsel had performed differently. (*People* v. *Fosselman, supra,* 33 Cal.3d 572, 584.)

▮▮▮ As to the second prong of his argument, appellant points out that section 1046 guarantees that "[t]rial juries for criminal actions are formed in the same manner as trial juries in civil actions."

The formation of the jury in civil actions is governed by Code of Civil Procedure section 222.5 which provides that "[u]pon completion of the judge's initial examination, counsel for each party shall have the right to

[5]The Supreme Court specifically noted that the issue before it was whether the presumption of prospectivity applied to Proposition 115 and the definition of the terms "prospective" and "retrospective." (*Tapia* v. *Superior Court, supra,* 53 Cal.3d at p. 287.) The court stated: "We do not address any other issue concerning the applicability or validity of the measure's provisions." (*Ibid.,* fn. omitted.) Thus, respondent's contention that the constitutional challenge would have been futile, based on *Tapia,* is a groundless assertion.

examine, by oral and direct questioning, any of the prospective jurors in order to enable counsel to intelligently exercise both peremptory challenges and challenges for cause." The section also provides that the trial judge should "permit liberal and probing examination calculated to discover bias or prejudice with regard to the circumstances of the particular case."

Proposition 115, codified as Code of Civil Procedure section 223, provides:

"In a criminal case, the court shall conduct the examination of prospective jurors. However, the court may permit the parties, upon a showing of good cause, to supplement the examination by such further inquiry as it deems proper, or shall itself submit to the prospective jurors upon such a showing, such additional questions by the parties as it deems proper. Voir dire of any prospective jurors shall, where practicable, occur in the presence of the other jurors in all criminal cases, including death penalty cases.

"Examination of prospective jurors shall be conducted only in aid of the exercise of challenges for cause.

"The trial court's exercise of its discretion in the manner in which voir dire is conducted shall not cause any conviction to be reversed unless the exercise of that discretion has resulted in a miscarriage of justice, as specified in Section 13 of Article VI of the California Constitution."

Appellant claims that this difference between the jury selection in a civil case as opposed to a criminal case denied him his right to equal protection of the law and due process. Therefore, he claims trial counsel should have made a motion challenging the constitutional validity of Code of Civil Procedure section 223.

In our view, appellant lacks standing to challenge the constitutional validity of Proposition 115. He has failed to establish that he was adversely impacted by this procedure and he has failed to establish the trial court's voir dire of the jury was deficient. Appellant notes that one juror had been mugged by a drug addict. If there was any error by trial counsel in this regard, it lies in counsel's failure to exercise a challenge to the juror and not his failure to personally conduct voir dire.

■ Moreover, the Legislature is not bound, in order to adopt a constitutionally valid statute, to extend it to all cases that might possibly be reached (*Simpson* v. *Municipal Court* (1971) 14 Cal.App.3d 591 [92 Cal.Rptr. 417]), but is free to recognize degrees of harm and make restrictions affecting those

classes of cases wherein the need is deemed to be clearest. (*Leavenworth Properties* v. *City and County of San Francisco* (1987) 189 Cal.App.3d 986, 992-993 [234 Cal.Rptr. 598].) The Legislature, in dealing with practical exigencies, may be guided by experience and is at liberty to select one phase of a problem for appropriate action without the necessity of including all others that might be affected in the same field of legislation. (*Advanced Delivery Service, Inc.* v. *Gates* (1986) 183 Cal.App.3d 967, 976-977 [228 Cal.Rptr. 557]; *First Unitarian Church* v. *County of L.A.* (1957) 48 Cal.2d 419, 433 [311 P.2d 508], revd. on other grounds 357 U.S. 545 [2 L.Ed.2d 1484, 78 S.Ct. 1350].) But when the legislative body proposes to address an area of concern in less than comprehensive fashion by "striking the evil where it is felt most," its decision as to where to "strike" must have a rational basis in light of the legislative objectives. (*United States Steel Corp.* v. *Public Utilities Com.* (1981) 29 Cal.3d 603, 613 [175 Cal.Rptr. 169, 629 P.2d 1381]; *Hays* v. *Wood* (1979) 25 Cal.3d 772, 790-791 [160 Cal.Rptr. 102, 603 P.2d 19].)

■ Proposition 115, also known as the Crime Victims' Justice Reform Initiative, made extensive substantive and procedural changes in California criminal law. The initiative enacts procedural changes aimed at expediting the criminal justice process to benefit crime victims and witnesses. (Criminal Law Practice After Proposition 115 (Cont.Ed.Bar 1990) § 2, p. 8.) Indeed, section 1 of Proposition 115 states that one of the goals of the initiative is "to create a system in which justice is swift and fair." This legislative objective is neither arbitrary nor irrational but "strikes" at the "evil" of protracted trials and backlogged court systems.[6]

■ Article I, section 16, of the California Constitution declares in relevant part that "[t]rial by jury is an inviolate right and shall be secured to all . . . ." It is settled that in criminal cases the right so declared includes in this state the right to a unanimous verdict. (*People* v. *Wheeler* (1978) 22 Cal.3d 258, 265 [148 Cal.Rptr. 890, 583 P.2d 748].) It is equally settled that

---

[6]We note that in *People* v. *Crowe* (1973) 8 Cal.3d 815 [106 Cal.Rptr. 369, 506 P.2d 193], the California Supreme Court held that former section 1078 authorized the trial court to examine prospective jurors without direct voir dire by the parties. The parties could submit questions to the court to be asked of the prospective jurors if they were within the scope of reasonable examination. (*Id.* at p. 829.) The California Supreme Court noted in *Crowe* that a substantial number of states vest the trial court with sole or primary responsibility for conducting voir dire. (*People* v. *Crowe, supra*, 8 Cal.3d at p. 826, fn. 12.)

The Legislature effectively overruled *Crowe* by amending former section 1078 to require that examination be conducted orally and directly by counsel. The Legislature incorporated identical language into the version of Code of Civil Procedure section 223, since repealed by Proposition 115. Thus, although overruled by statutory enactment, *Crowe* demonstrated our Supreme Court's willingness to accept voir dire conducted solely by the trial court as an acceptable method of jury selection.

the provision includes the right to have that verdict rendered by impartial and unprejudiced jurors. Section 16 of article I does not explicitly guarantee trial by an "impartial" jury, as does the Sixth Amendment to the federal Constitution; but that right is no less implicitly guaranteed by our charter, as the courts have long recognized. (*Ibid.*)

" 'The right to a fair and impartial jury is one of the most sacred and important of the guaranties of the constitution. Where it has been infringed, no inquiry as to the sufficiency of the evidence to show guilt is indulged and a conviction by a jury so selected must be set aside.' [Citations.]" (*People* v. *Wheeler, supra,* 22 Cal.3d at p. 283; see also *People* v. *Martinez* (1991) 228 Cal.App.3d 1456, 1460 [279 Cal.Rptr. 858].)

██ However, "[t]he right to voir dire, like the right to peremptory challenge . . . , is not a constitutional right but a means to achieve the end of an impartial jury." (*People* v. *Bittaker* (1989) 48 Cal.3d 1046, 1086 [259 Cal.Rptr. 630, 774 P.2d 659].) The United States Supreme Court has similarly recognized that voir dire "plays a critical function in assuring the criminal defendant that his Sixth Amendment right to an impartial jury will be honored." (*Rosales-Lopez* v. *United States* (1981) 451 U.S. 182, 188 [68 L.Ed.2d 22, 28-29, 101 S.Ct. 1629]; see also *Ross* v. *Oklahoma* (1988) 487 U.S. 81, 88 [101 L.Ed.2d 80, 89-90, 108 S.Ct. 2273].) It is conducted, however, under the supervision of the trial court and its scope is necessarily left primarily to the sound discretion of that court. (*Ristaino* v. *Ross* (1976) 424 U.S. 589, 594 [47 L.Ed.2d 258, 262-263, 96 S.Ct. 1017].)

██ The United States Supreme Court has explicitly stated its willingness to permit greater restrictions on voir dire by state courts than would be permitted in a federal trial. (*Ristaino* v. *Ross, supra,* 424 U.S. at p. 597, fn. 9 [47 L.Ed.2d at p. 265].) It has been recognized by our Supreme Court that the trial court has considerable discretion to control voir dire and to contain it within reasonable limits. (*People* v. *Bittaker, supra,* 48 Cal.3d at p. 1086; *People* v. *Johnson* (1989) 47 Cal.3d 1194, 1224-1225 [255 Cal.Rptr. 569, 767 P.2d 1047].) Thus, we conclude that the limitation of voir dire to determine challenges for cause found in Code of Civil Procedure section 223 does not violate a criminal defendant's rights, unless it can be shown on the facts of a particular case that the scope of voir dire was so narrow that it constituted an abuse of discretion. Appellant has failed to make such a showing.

I. C.-V.*

. . . . . . . . . . . . . . . . . . . . . . . . . .

*See footnote, *ante,* page 1315.

## DISPOSITION

On appeal, the judgment is affirmed.

On the petition for writ of habeas corpus, petitioner has made a prima facie showing of an entitlement to an evidentiary hearing and the trial court's determination whether a motion to suppress would have been successful. (Nonpublished portion of opinion.) An order to show cause should issue returnable before the superior court. (*In re Lawler* (1979) 23 Cal.3d 190, 194 [151 Cal.Rptr. 833, 588 P.2d 1257]; *In re Hochberg* (1970) 2 Cal.3d 870, 873-876 [87 Cal.Rptr. 681, 471 P.2d 1]; *In re Lower* (1979) 100 Cal.App.3d 144, 152-153 [161 Cal.Rptr. 24].)

The clerk of this court is directed to send copies of the pleadings filed in *In re Damin Keith Banner III*, No. F015946, to the Kern County Superior Court. Upon receipt of said pleadings the Kern County Superior Court is directed to cause said pleadings to be filed as a proceeding on habeas corpus, to set a date for the filing of a return, to appoint counsel for petitioner (*People* v. *Barton* (1978) 21 Cal.3d 513, 519, fn. 3 [146 Cal.Rptr. 727, 579 P.2d 1043]), and to conduct further proceedings in accordance with California Rules of Court, rule 260, and *In re Hochberg, supra,* 2 Cal.3d 870. If, after the evidentiary hearing, the trial court determines that a motion to suppress would have been successful, which in turn would determine that appellant has presented a colorable claim of ineffective assistance below, then the trial court must set the matter for new trial and appoint new counsel to represent appellant. If, on the other hand, the trial court concludes that a suppression motion, though timely made, would have been denied, the trial court will reinstate the judgment previously imposed.

Insofar as the petition requests relief from this court in addition to that granted above, said request is denied.

Ardaiz, J., and Harris, J., concurred.

Appellant's petition for review by the Supreme Court was denied April 29, 1992.