[Crim. No. 14323. In Bank. July 10, 1970.]

In re ANN ROSE HOCHBERG on Habeas Corpus.

## COUNSEL

Herbert M. Porter for Petitioner.

Evelle J. Younger, District Attorney, Harry Wood and Robert Lederman, Deputy District Attorneys, for Respondent.

## OPINION

**WRIGHT, C. J.**—Petitioner and her husband, represented by the same counsel, were jointly tried by jury in municipal court on charges that they

wilfully failed to support their three minor children in violation of Penal Code section 270.[1] The Appellate Department of the Los Angeles County Superior Court affirmed the judgments against them without opinion and denied certification to the Court of Appeal.

In this habeas corpus proceeding petitioner contends that she was denied the constitutional right to effective trial counsel. She made this contention in a prior application for habeas corpus filed in this court. The allegations of her prior application, if true, established violations of her constitutional right to counsel in two respects: (1) although her interests conflicted with those of her codefendant husband she was required to accept representation by the counsel employed by her codefendant (see *People* v. *Chacon* (1968) 69 Cal.2d 765, 774 [73 Cal.Rptr. 10, 447 P.2d 106]), and (2) counsel reduced her trial to a sham by failing to present the crucial defense that petitioner did not have means to pay for the children's support. (See *People* v. *Ibarra* (1963) 60 Cal.2d 460, 464 [34 Cal.Rptr. 863, 386 P.2d 487]; *In re Williams* (1969) 1 Cal.3d 168, 175 [81 Cal.Rptr. 784, 460 P.2d 984].) Petitioner's prior application for habeas corpus filed in this court further showed that the claimed inadequacy of trial counsel did not appear in the record on appeal. Therefore, resolution of her constitutional contention required the taking of evidence.

■ This court has original habeas corpus jurisdiction (Cal. Const., art. VI, § 10), but it is a reviewing court, not designed to conduct evidentiary hearings. Therefore, pursuant to the provision of Penal Code section 1508, subdivision (a), that a writ of habeas corpus issued by this court may be made returnable before "any superior court or judge thereof," we issued an order to show cause[2] returnable before the Superior Court of

---

[1]Section 270 provides that the father of a minor child who wilfully omits without lawful excuse to furnish necessary clothing, food, shelter or remedial care for the child is guilty of a misdemeanor.

That statute further provides that if the father "for any . . . reason whatsoever fails to furnish the necessary food, clothing, shelter or . . . remedial care for his minor child, the mother of said child shall become subject to the provisions of this section and be criminally liable for the support of said minor child during the period of failure on the part of the father to the same extent and in the same manner as the father."

[2]The California statutes governing the procedure on habeas corpus do not expressly provide for the issuance of an order to show cause. Penal Code section 1476 provides that if it appears from the petition that the writ should issue the court must "grant the same," and section 1477 provides that the writ must command the person having custody of the petitioner "to have the body of such person before the court or judge before whom the writ is returnable, at a time and place therein specified." Sections 1483 and 1484 contemplate that the court before which the writ is returned and the party produced shall then hear evidence as to the legality of his detention.

In California the appellate courts as well as the superior courts exercise original habeas corpus jurisdiction. As stated above, however, appellate courts are not equipped

the County of Los Angeles, a court designed for the trial of issues of fact and situated in the county where petitioner is subject to constructive custody[3] and where the other witnesses who have factual information relevant to her constitutional contentions are located.

The superior court held an evidentiary hearing. It considered the records of the municipal court proceedings that resulted in the conviction of petitioner and her husband and it heard uncontradicted testimony of petitioner which, if believed, would prove that she was deprived of effective trial counsel. This testimony supplemented and did not conflict with the records of the municipal court proceedings. The People presented no evidence. ■ At the conclusion of the evidentiary habeas corpus hearing the superior court expressly declined to decide whether petitioner was denied her right to effective trial counsel. Instead it stated that petitioner's present counsel, who represented her on appeal, had the opportunity to raise the constitutional contention on that appeal and therefore the contention was not a ground for habeas corpus.

The superior court's stated grounds for denying the writ were erroneous.

---

to have prisoners brought before them and to conduct testimonial hearings on disputed issues of fact. Moreover, many issues cognizable on habeas corpus can be resolved on the basis of documentary evidence (e.g., *In re McVickers* (1946) 29 Cal.2d 264, 280 [176 P.2d 40]) or stipulated facts (e.g., *In re Bailleaux* (1956) 47 Cal.2d 258, 259 [302 P.2d 801]) without bringing "the body" of the petitioner before the court. Therefore, when it initially appears from the allegations of a habeas corpus petition filed in an appellate court and from "any matter of record pertaining to the case" (Cal. Rules of Court, rule 60) that the petitioner is entitled to relief, this court and the Courts of Appeal developed the practice of ordering the custodian to show cause why the relief sought should not be granted. (See 1 Cal. Criminal Law Practice (Cont. Ed.Bar 1964) p. 395, § 9.63; Witkin, Cal. Criminal Procedure (1963) § 821.) Many superior courts, especially in counties where there are large state prisons and therefore many habeas corpus filings, have developed a similar practice.

The order to show cause directs the respondent custodian to serve and file a written return. If the order to show cause is made returnable before the appellate court and issues of fact requiring an evidentiary hearing are framed, the court may appoint a referee to conduct the hearing and report his findings and conclusions. The court then makes its independent examination of the evidence taken before the referee and, giving respect to but not being bound by his findings and conclusions, makes its own determinations of fact. (*In re Branch* (1969) 70 Cal.2d 200, 203, fn. 1 [74 Cal.Rptr. 238, 449 P.2d 174].)

If the order to show cause is made returnable before the superior court and that court denies the writ of habeas corpus, the petitioner may again apply to the reviewing court for the writ, and the reviewing court will make its independent examination and appraisal of the evidence that was taken in the superior court. (See *In re Smiley* (1967) 66 Cal.2d 606, 611 *et passim* [58 Cal.Rptr. 579, 427 P.2d 179].)

[3]Although the trial court stayed execution of its judgment sentencing petitioner to the Los Angeles County jail, respondent sheriff does not question that the constructive restraint of the unexecuted sentence gives petitioner standing to seek habeas corpus. (Cf. *In re Smiley, supra,* 66 Cal.2d 606, 613.)

Petitioner could not present her constitutional contention on appeal because its factual bases were not disclosed by the record on appeal. The very ineffectiveness of trial counsel that is the subject of her complaint included his failure to make a record showing that he was representing a codefendant with conflicting interests and his omission to present any defense on behalf of petitioner herself independent of that codefendant. ■ "It is elementary that the function of an appellate court, in reviewing a trial court judgment on direct appeal, is limited to a consideration of matters contained in the record of trial proceedings, and that 'Matters not presented by the record cannot be considered on the suggestion of counsel in the briefs.' " (*People* v. *Merriam* (1967) 66 Cal.2d 390, 396-397 [58 Cal.Rptr. 1, 426 P.2d 161].) ■ Furthermore, although habeas corpus cannot serve as a second appeal, "denial of the right to counsel is one trial error which has always been cognizable on habeas corpus" (*In re Lopez* (1970) *ante,* pp. 141, 151 [84 Cal.Rptr. 361, 465 P.2d 257]) whether or not it was raised on appeal. (*In re Egan* (1944) 24 Cal.2d 323, 326, 337 [149 P.2d 693]; *In re Masching* (1953) 41 Cal.2d 530, 532 [261 P.2d 251]; *In re Atchley* (1957) 48 Cal.2d 408, 414 [310 P.2d 15]; *In re Rose* (1965) 62 Cal.2d 384, 385 [42 Cal.Rptr. 236, 398 P.2d 428].)[4]

---

[4]It may be that the superior court did not decide the questions of fact presented at the habeas corpus proceeding because it misunderstood the effect of this court's issuance of an order to show cause returnable before the superior court. This court's power to issue a writ of habeas corpus returnable before an intermediate appellate court or a superior court has always been recognized by state Constitution or statute. (Pen. Code, § 1508, subd. (a); former Gov. Code, § 68808; former art. VI, § 4, of Cal. Const. of 1879, repealed in 1966; accord, former Cal. Const. of 1849, art. VI, § 4.) When this court makes the writ or order to show cause returnable before a lower court, that court must decide the issues before it and "dispose of . . . [the petitioner] as the justice of the case may require." (Pen. Code, § 1484.) Under the judicially established law of this state, when the petitioner proves that his constitutional right to trial counsel has been violated "the justice of the case may require" remand to the trial court for lawful proceedings under the still existing charge (*In re James* (1952) 38 Cal.2d 302, 314 [240 P.2d 596]) or, if he has virtually completed service of time equivalent to the sentence that could have been imposed lawfully, he may be discharged. (See *In re McCoy* (1948) 32 Cal.2d 73, 77 [194 P.2d 531].) Our issuance of an order to show cause returnable before a lower court is an implicit preliminary determination that the petitioner has made a sufficient prima facie statement of specific facts which, if established, entitle him to habeas corpus relief under existing law. (Pen. Code, § 1474 ["2. If the imprisonment is alleged to be illegal, the petition must . . . state in what the alleged illegality consists"]; Cal. Rules of Court, rule 56.5 [form of petition for release from or modification of custody requiring "10. State concisely the grounds on which you base your allegation that the imprisonment or detention is illegal. . . . 11. State concisely . . . the facts which support each of the grounds set out in (10)"]; *In re Hawley* (1967) 67 Cal.2d 824, 829, fn. 3 [63 Cal.Rptr. 831, 433 P.2d 919]; *In re Waltreus* (1965) 62 Cal.2d 218, 221 [42 Cal.Rptr. 9, 397 P.2d 1001]; *In re Razutis* (1950) 35 Cal.2d 532, 536 [219 P.2d 15]; *In re Swain* (1949) 34 Cal.2d 300, 304 [209 P.2d 793].) When we order the respondent to show cause before the superior court why the relief prayed for in a petition for habeas corpus should not be granted, we do more than simply transfer

The superior court's order denying habeas corpus relief was not appealable. (*Loustalot* v. *Superior Court* (1947) 30 Cal.2d 905, 913 [186 P.2d 673]; *People* v. *Ryan* (1953) 118 Cal.App.2d 144, 149 [257 P.2d 474].) Therefore petitioner filed the petition for habeas corpus that is now before us, accompanied by the transcript of the superior court's evidentiary hearing on the prior habeas corpus proceeding. We issued an order to show cause returnable before this court.

Although the People expressly declined to present any evidence at the superior court evidentiary hearing, in the present proceeding they have filed the declaration of the municipal court judge who presided at petitioner's criminal trial; this declaration contradicts petitioner's testimony that before trial she expressly asked the judge to appoint separate counsel and he refused her request. Also, although the People made no objection at the superior court evidentiary hearing to that court's express refusal to decide whether petitioner had in fact been denied her constitutional right to counsel, in the present proceeding they have filed the declaration of the superior court judge that he "did not accord any great degree of credibility to the testimony" of petitioner and "Her manner of testifying did not inspire my belief." Thus the proceeding before us presents a novel counterpart of the familiar case of the prisoner who seeks postconviction adjudication of constitutional claims resting on factual issues that could and should have been fully explored and determined during earlier litigation. (See *In re Shipp* (1965) 62 Cal.2d 547, 552 [43 Cal.Rptr. 3, 399 P.2d 571].) ▪ The People deliberately bypassed their opportunity to present their evidence at a postconviction evidentiary hearing; they are not entitled to a second evidentiary hearing. ▪ Moreover the People remained silent when the superior court at the habeas corpus hearing announced its refusal to decide the factual issues before it; they are not now entitled to urge that if the court had found the facts its findings would have been favorable to them. (See *People* v. *Burke* (1956) 47 Cal.2d 45, 53 [301 P.2d 241].) ▪ We do not ignore the declarations of the municipal

the petition to that court and more than simply afford the petitioner an opportunity to present evidence in support of the allegations of the petition; we institute a *proceeding* in which issues of fact are to be framed and *decided*.

In further explanation of the course that a habeas corpus proceeding follows when an appellate court issues an order to show cause or writ returnable before a lower court, we add that the appellate court's preliminary determination that the petitioner has stated grounds which if proved would entitle him to habeas corpus relief is not equivalent to a final appellate court decision of questions of law in favor of petitioner under the doctrine of law of the case. (See *People* v. *Modesto* (1967) 66 Cal.2d 695, 705 [59 Cal.Rptr. 124, 427 P.2d 788]; *Pigeon Point Ranch, Inc.* v. *Perot* (1963) 59 Cal.2d 227, 231-232 [28 Cal.Rptr. 865, 379 P.2d 321]; *People* v. *Randazzo* (1957) 48 Cal.2d 484, 487 [310 P.2d 413].) If the superior court grants relief on habeas corpus the People have a right of appeal. (Pen. Code, § 1506.) On such an appeal the appellate court's preliminary order is not a determination of the law of the case.

and superior court judges, but we are not bound by them. Instead we appraise them in connection with our independent review and appraisal of the municipal court records of the criminal proceedings and the transcript of the superior court habeas corpus hearing. (See *In re Atchley, supra*, 48 Cal.2d 408, 411.)

In the municipal court petitioner and her husband Mr. Hochberg were charged in separate cases with having violated Penal Code section 270 during the year from October 1967 to October 1968. On November 6, 1968, Mr. Hochberg, represented by Deputy Public Defender Kander, pleaded not guilty and requested a jury trial. Petitioner, without counsel or waiver of counsel but "informed of legal rights [not specified in the docket entry]," also pleaded not guilty and requested a jury trial. On November 25 Mr. Kander appeared with each defendant, and the court granted the public defender's motions to be relieved in each case because "defendant does not qualify."

On December 18, 1968, each defendant appeared with private counsel, Mr. Hulland. In Mr. Hochberg's case jurors were called but it was then stipulated that the jury be excused due to a mistrial. By stipulation each case was continued. On June 4, 1969, Mr. Hulland stipulated to the consolidation of the two cases and the joint trial before a jury began.

The People showed that during the period of the charged offenses petitioner and Mr. Hochberg lived together while their minor children lived in foster homes where they had been placed by the county. The county paid $3,432 for the children's support. The defendants did not reimburse the county for that support, and despite many conversations with defendants, social service workers of the county were unable to get any information about defendants' income or ability to pay for the support of the children.

The only evidence for the defense was the testimony of Mr. Hochberg. On direct examination he testified that during the period of the charged offenses he received $293 gross salary every two weeks and did not have the means to support his children. On cross-examination he admitted that he had additional income consisting of overtime salary and income from another part-time job. He testified that he had $75 a month deducted from his salary to pay for bonds; he and his wife had some stock in joint tenancy; and his wife received a federal grant of $150 a month for her education. Since Mr. Hochberg's conclusional testimony that he had no means to support his children was virtually destroyed on cross-examination, and since there was no suggestion that petitioner was not in complete agreement with her husband's conclusion that their community income

was insufficient to pay for the children's support, the jury understandably found both defendants guilty.

As previously stated, petitioner's testimony at the habeas corpus hearing supplemented and did not contradict the municipal court records of the criminal proceedings. She testified that when she first appeared in municipal court she asked the judge to be tried separately from her husband because they were having domestic disputes. On November 25, 1968, when the public defender appeared with her for the first and only time and asked to be relieved, she requested the municipal court judge to appoint counsel for her "because I felt that there was a conflict of interest and I wanted to be tried separately." This request was refused.

In December 1968 when petitioner's husband employed Mr. Hulland as counsel she accepted his representation because she had no resources to employ her own attorney. In January 1969, as Mr. Hulland knew, petitioner and her husband separated, Mr. Hochberg filed suit for divorce, and their conflicts increased. In June 1969 when Mr. Hulland stipulated that petitioner's and Mr. Hochberg's criminal cases be consolidated for trial, he advised her not to attend the trial. When she insisted on being present he instructed her to sit in the back of the courtroom so no one would see her and "to keep my mouth shut."

From the records now before us it appears that trial counsel presented a common defense on behalf of petitioner and Mr. Hochberg and did not develop the crucial difference between their respective financial situations; he made no effort to show that during the period of the charged offenses Mr. Hochberg had control of all his community earnings and the stocks and bonds that represented his savings, while the only financial resources that petitioner received were the monthly federal payments of $150 for her education. ■ Trial counsel was employed by Mr. Hochberg, and at the habeas corpus hearing petitioner testified that Mr. Hochberg and trial counsel had business interests in common. Trial counsel, therefore, did not and could not be expected to develop effectively petitioner's crucial differences with her codefendant, the client who had employed him and with whose interests counsel was primarily concerned. (See *People* v. *Chacon, supra,* 69 Cal.2d 765, 776.)

■ Moreover, even if we accept the declaration of the criminal trial judge, belatedly presented by the People, that petitioner made no express request for separate counsel and that her claim of conflict of interest was not mentioned until after she had been convicted, we cannot presume that her right to separate counsel was waived by silence. (*People* v. *Chacon, supra,* 69 Cal.2d 765, 774.) Despite our repeated emphasis on the im-

portance of the courts' making records adequately reflecting that defendants have been specifically advised of their constitutional rights and that any waiver of those rights is express and understanding *(In re Johnson* (1965) 62 Cal.2d 325, 330-331 [42 Cal.Rptr. 228, 398 P.2d 420]; *In re Smiley, supra,* 66 Cal.2d 606, 622; see *In re Tahl* (1969) 1 Cal.3d 122 [81 Cal.Rptr. 577, 460 P.2d 449]) neither the municipal court docket nor the municipal court judge's affidavit suggest that petitioner was informed of her right to separate counsel if a conflict existed. The public defender refused to represent petitioner and her husband, considering them as a financial entity whose means disqualified them from the right to appointed counsel. The private attorney thereafter employed by petitioner's husband instructed her not to come to court, and when she insisted on attending the trial, instructed her "to keep my mouth shut." In these circumstances petitioner, without means to employ counsel to present her defense that she was without means to support her children, cannot be charged with waiver.

The writ is granted. Petitioner is remanded to the municipal court with directions to set aside the judgment and verdict of conviction and to proceed in conformity with petitioner's right to counsel.

McComb, J., Peters, J., Tobriner, J., Mosk, J., Burke, J., and Sullivan, J., concurred.