Opinion
 

 STRANKMAN, P. J.
 

 We hold that an inmate who has been declared a vexatious litigant retains the right to file a petition for writ of habeas corpus unencumbered by vexatious litigant procedures which apply to the filing of a civil action or proceeding.
 
 [1]
 

 Background
 

 In 1979, Lawrence S. Bittaker (petitioner) kidnapped five teenage girls, raped four of them, tortured at least one, and murdered all five. A jury found him guilty of 26 felony counts and found 38 special circumstances. The trial
 
 *1007
 
 court pronounced a judgment of death, and the California Supreme Court unanimously affirmed the conviction and sentence.
 
 (People
 
 v.
 
 Bittaker
 
 (1989) 48 Cal.3d 1046, 1062, 1111 [259 Cal.Rptr. 630, 774 P.2d 659].) Petitioner has since resided on death row in San Quentin Prison, Marin County.
 

 In 1993, the trial court declared petitioner a vexatious litigant as defined by Code of Civil Procedure section 391 (all unspecified statutory cites are to this code). The court found petitioner came within the definition of “vexatious litigant” on two distinct grounds. First, in the preceding seven-year period, petitioner had commenced, prosecuted or maintained in propria persona at least nineteen litigations, other than in small claims court, that were finally determined against him or were unjustifiably permitted to remain pending at least two years without having been brought to trial. (§ 391, subd. (b)(1).) Second, after the litigation had been finally determined against petitioner, he repeatedly relitigated, in different state and federal forums, either the validity of the determination against him or the same cause of action, claim, controversy or any of the issues of fact or law previously determined against him. (§ 391, subd. (b)(2).)
 

 On its own motion, the trial court imposed a prefiling order under section 391.7. In accordance with that section, the order prohibits petitioner, as a vexatious litigant, “from filing any new litigation in the courts of this state in propria persona” without first obtaining permission of the presiding judge, who shall permit the filing “only if it appears that the litigation has merit and has not been filed for the purposes of harassment or delay.” Petitioner may be punished with contempt for disobeying the prefiling order, and the clerk of the court is forbidden to file “any litigation” presented by petitioner without first obtaining an order permitting the filing.
 

 In 1996, in compliance with the prefiling order, petitioner filed in the trial court a “Motion to File Petition for Writ of Habeas Corpus.” He attached a petition which challenged the conditions of his confinement and sought enforcement of his right to legal materials. The presiding judge refused to permit the filing of the petition, stating, “it does not appear that the litigation has merit.” Petitioner moved for reconsideration, arguing the merits of his petition, but the court denied his motion.
 

 Without complying with the prefiling order, petitioner then filed a petition for writ of habeas corpus in this court, again seeking access to legal materials. We requested informal opposition from the Attorney General on the question whether petitioner could properly file habeas corpus petitions without complying with the prefiling order. After receiving that opposition
 
 *1008
 
 and petitioner’s response, we issued an order to show cause, appointed counsel for petitioner, and received additional briefing on both sides.
 

 Discussion
 

 A.
 
 Scope of this Proceeding
 

 Petitioner does not contest the validity of the 1993 order declaring him a vexatious litigant and imposing the prefiling order. The facts underlying the 19 prior litigations which resulted in that order and the nature of those litigations are not before us. We note that the order was nonappealable, but petitioner could have sought its review in conjunction with an appeal from some subsequent otherwise appealable judgment or order.
 
 (Muller
 
 v.
 
 Tanner
 
 (1969) 2 Cal.App.3d 445, 449, fn. 1 [82 Cal.Rptr. 738]; 3 Witkin, Cal. Procedure (4th ed. 1996) Actions, § 342, p. 437.) There is no indication that petitioner sought such review or does so here, The question in this case is not whether petitioner was properly declared a vexatious litigant, but whether the prefiling order applies to his filing of a petition for habeas corpus.
 
 [2]
 

 B.
 
 The Vexatious Litigant Statute
 

 The vexatious litigant statute (§§ 391-391.7) was enacted in 1963 to curb misuse of the court system by those acting in propria persona who repeatedly relitigate the same issues. Their abuse of the system not only wastes court time and resources but also prejudices other parties waiting their turn before the courts.
 
 (In re Whitaker
 
 (1992) 6 Cal.App.4th 54, 57 [8 Cal.Rptr.2d 249]; 3 Witkin, Cal. Procedure,
 
 supra,
 
 Actions, § 339, pp. 432-433, quoting
 
 First Western Development Corp.
 
 v.
 
 Superior Court
 
 (1989) 212 Cal.App.3d 860, 870 [261 Cal.Rptr. 116].)
 

 The statute defines a “vexatious litigant,” provides a procedure in pending litigation for declaring a person a vexatious litigant, and establishes procedural strictures that can be imposed on vexatious litigants. A vexatious litigant may be required to furnish security before proceeding with the pending litigation; if that security is not furnished, the litigation must be dismissed. (§§ 391.3, 391.4.) In addition, the court may, on its own motion or on motion of a party, issue a prefiling order that prohibits the vexatious litigant from filing any “new litigation” without first obtaining permission of the presiding judge of the court where the litigation is proposed to be filed. (§ 391.7.)
 

 
 *1009
 
 C.
 
 The Statutory Definition of “Litigation”
 

 The vexatious litigant statute speaks in terms of “litigation.” It defines vexatious litigants by the number of prior unsuccessful “litigations” they have undertaken (five in the past seven years), or by the fact of their persistent relitigation of “litigation” finally determined adversely to them. (§ 391, subd. (b).) Its provision for prefiling orders applies to the filing of any “new litigation.” (§ 391.7.) The first sentence of the statute defines the term. “As used in this title, the following terms have the following meanings: [IQ (a) ‘Litigation’ means any
 
 civil
 
 action or proceeding, commenced, maintained or pending in any state or federal court.” (§ 391, subd. (a), italics added.) The question in this case is whether a petition for writ of habeas corpus is a “civil action or proceeding” within the meaning of this statute.
 

 Our goal in interpreting a statute is to ascertain legislative intent so as to effectuate the purpose of the law, and we necessarily begin with the words of the statute itself.
 
 (California Teachers Assn.
 
 v.
 
 Governing Bd. of Rialto Unified School Dist.
 
 (1997) 14 Cal.4th 627, 632-633 [59 Cal.Rptr.2d 671, 927 P.2d 1175].) To understand the intended meaning of a statutory phrase, we may consider use of the same or similar language in other statutes, because similar words or phrases in statutes in pari materia ordinarily will be given the same interpretation.
 
 (Thrifty Corp.
 
 v.
 
 County of Los Angeles
 
 (1989) 210 Cal.App.3d 881, 886 [258 Cal.Rptr. 585].) Furthermore, if a word or a phrase has a well-known and definite legal meaning, it will ordinarily be construed to have that meaning when used in a statute.
 
 (In re Jodi B.
 
 (1991) 227 Cal.App.3d 1322, 1328 [278 Cal.Rptr. 242].)
 

 Also pertinent here is the settled principle that when uncertainty arises as to the meaning of a statute, courts must consider the consequences that will flow from a particular interpretation. It must be presumed that the Legislature intended reasonable and practical results consistent with its express purpose, not absurd or adverse consequences. If statutory language is susceptible of two constructions, one that would render it reasonable, fair, and harmonious with its manifest purpose, and another that would be productive of absurd consequences, a court will adopt the former.
 
 (Harris
 
 v.
 
 Capital Growth Investors XIV
 
 (1991) 52 Cal.3d 1142, 1166 [278 Cal.Rptr. 614, 805 P.2d 873].)
 

 Long before it enacted the vexatious litigant statute, the Legislature drew a distinction between actions and special proceedings (§§ 21, 22, 23), and between civil and criminal actions (§ 24). It distinguished between criminal and civil actions with mutually exclusive statutory definitions. (§§ 25-32; Pen. Code, § 683.) Although special proceedings may not be as easily
 
 *1010
 
 classified as criminal or civil (3 Witkin, Cal. Procedure,
 
 supra,
 
 Actions, § 17, p. 72), the Legislature has provided specifically for various “Special Proceedings of a Civil Nature” in part 3 of the Code of Civil Procedure (§ 1063 et seq.), and “Special Proceedings of a Criminal Nature” in part 2, title 12 of the Penal Code (Pen. Code, § 1473 et seq.).
 

 The writ of habeas corpus does not come within the statutory definition of a criminal action, which is “[t]he proceeding by which a party charged with a public offense is accused and brought to trial and punishment, ...” (Pen. Code, § 683.) But its traditional function, to secure release of one unlawfully imprisoned, is codified under “Special Proceedings of a Criminal Nature” in the Penal Code as follows: “Every person unlawfully imprisoned or restrained of his liberty, under any pretense whatever, may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment or restraint.” (Pen. Code, § 1473, subd. (a); 6 Witkin & Epstein, Cal. Criminal Law (2d ed. 1989) Extraordinary Writs, § 3331, pp. 4124-4125.) When exercising jurisdiction in habeas corpus matters, courts must abide by the procedures set forth in Penal Code sections 1473 through 1508.
 
 (People
 
 v.
 
 Romero
 
 (1994) 8 Cal.4th 728, 737 [35 Cal.Rptr.2d 270, 883 P.2d 388].)
 

 We recognize that the scope of the writ has been expanded to include, as in the case before us, use by one lawfully in custody to obtain a declaration and enforcement of rights in confinement.
 
 (In re Davis
 
 (1979) 25 Cal.3d 384, 387 [158 Cal.Rptr. 384, 599 P.2d 690];
 
 In re Harrell
 
 (1970) 2 Cal.3d 675, 682 [87 Cal.Rptr. 504, 470 P.2d 640]; 6 Witkin & Epstein, Cal. Criminal Law,
 
 supra,
 
 Extraordinary Writs, § 3332, p. 4126.) Although it may be said that habeas corpus proceedings are no longer purely “criminal” in nature, the modem expansion of the writ has not resulted in its characterization as “civil” rather than “criminal” by our Supreme Court.
 

 For example, the issue in
 
 In re Head
 
 (1986) 42 Cal.3d 223 [228 Cal.Rptr. 184, 721 P.2d 65], was whether the Prison Law Office was entitled to receive attorney fees under section 1021.5 for a successful challenge in consolidated petitions for habeas corpus to Department of Corrections procedures in implementing a work furlough program. The Court of Appeal held that section 1021.5 fees are available only in civil cases and that habeas corpus is a special proceeding of a criminal nature, not a civil action. The Supreme Court reversed, holding that for purposes of section 1021.5, it is the nature of the relief sought, not the label or procedural device used to bring the action, which determines the right to seek fees.
 
 (Head, supra,
 
 at pp. 225-226.) In its analysis, the
 
 Head
 
 court noted that the challenge to the work furlough program could have been brought in civil mandamus proceedings instead of by habeas petition; if the proceeding had been brought in mandamus, attorney fees under section 1021.5 would have been available.
 
 (Head, supra,
 
 at pp. 226-230.)
 

 
 *1011
 
 In the case at bench, the People rely on
 
 Head
 
 to argue that because petitioner could have raised his claims via a civil petition for writ of mandate rather than a habeas corpus petition, the proceeding here was not criminal but civil, rendering the vexatious litigant statute applicable. But the statute under consideration in that case applied to “any action which has resulted in the enforcement of an important right affecting the public interest . . . .” (§ 1021.5, italics added.) The statute before us, on the other hand, is more limited in scope; it expressly applies only to any “civil action or proceeding.” (§ 391, subd. (a).) Furthermore, the People fail to mention that the members of the high court in
 
 Head
 
 expressly declined to “involve [them]selves in the parties’ efforts to characterize habeas corpus proceedings as either criminal ... or civil . . . .”
 
 (In re Head, supra,
 
 42 Cal.3d at p. 226, fn. 4.)
 
 Head
 
 does not support the People’s attempt to characterize these habeas corpus proceedings as a “civil action or proceeding” within the meaning of the vexatious litigant statute. (§391, subd. (a).)
 

 We conclude that if the Legislature had intended to include habeas corpus in its definition of “litigation” in the vexatious litigant statute, it would not have limited that statute on its face to any “civil action or proceeding.” (§ 391, subd. (a).) Our conclusion about the statutory language is supported by a consideration of the consequences that would flow from adopting the opposite interpretation of the statute.
 

 The inclusion of petitions for writs of habeas corpus in the scope of prefiling orders under the vexatious litigant statute would present cumbersome procedural consequences and be extremely impractical. When a court of this state receives a petition for writ of habeas corpus from an inmate, it reviews the petition immediately to determine whether petitioner has stated a prima facie case for relief.
 
 (People
 
 v.
 
 Duvall
 
 (1995) 9 Cal.4th 464, 474-475 [37 Cal.Rptr.2d 259, 886 P.2d 1252];
 
 People
 
 v.
 
 Romero, supra,
 
 8 Cal.4th at p. 737;
 
 In re Hochberg
 
 (1970) 2 Cal.3d 870, 873-874, fn. 2 [87 Cal.Rptr. 681, 471 P.2d 1].) If the petition has potential merit, procedures are utilized to examine the issues raised in the petition.
 
 (Duvall, supra,
 
 at pp. 474-475.) If the petition is clearly without merit, it may be summarily denied without any burden on or expense to an opposing party and with minimal use of court time and resources.
 

 To overlay this habeas corpus process with the vexatious litigant process would serve only to add unnecessary, time consuming steps, illustrated by the case at bench. Here, petitioner sought permission to file his petition for writ of habeas corpus. In accordance with the vexatious litigant statute, the trial court was required to read the request for permission and then assess whether the petition had merit, which it would have done in any event,
 
 *1012
 
 regardless of the prefiling order. Under the People’s theory that only some habeas corpus petitions qualify as civil actions, the trial court also should have been required to undertake the additional step of first determining whether the petition was “civil” or “criminal” in nature. We are reluctant to attribute to the Legislature the intent to create such an illogical and impractical scheme.
 

 We note also that a petition for writ of habeas corpus subjected to a prefiling order and then determined not worthy of filing would not be publicly recorded, a fact which we find contrary to public policy and the protection of the integrity of the writ process.
 

 D.
 
 Constitutional Prohibition
 

 Petitioner argues that application of the vexatious litigant statute to habeas corpus proceedings is prohibited by the California Constitution, which provides, “Habeas corpus may not be suspended unless required by public safety in cases of rebellion or invasion.” (Cal. Const., art. I, § 11.) Because we hold that on its face section 391 does not apply to habeas corpus proceedings, it is unnecessary and would be inappropriate for us to address the constitutional challenge. (E.g.,
 
 Conway
 
 v.
 
 Pasadena Humane Society
 
 (1996) 45 Cal.App.4th 163, 177 [52 Cal.Rptr.2d 777],)
 
 [3]
 

 E.
 
 Conclusion
 

 A petition for writ of habeas corpus is not a civil action or proceeding within the meaning of the vexatious litigant statute. Thus petitioner in this case was not required to obtain leave of the presiding judge before filing his petition for habeas corpus.
 
 [4]
 

 
 *1013
 
 Disposition
 

 The writ of habeas corpus is granted to the extent petitioner was subjected to a prefiling order before he was permitted to file his petition for writ of habeas corpus. The clerk of this court is directed to transfer the petition to the trial court, which is directed to file the petition and evaluate it in accordance with habeas corpus procedure.
 

 Stein, J., and Dossee, J., concurred.
 

 Respondent’s petition for review by the Supreme Court was denied October 1, 1997.
 

 [1]
 

 We disagree with one California appellate court which has stated in dictum that the vexatious litigant statute could properly be applied to a petition for writ of habeas corpus.
 
 (Wolfgram
 
 v.
 
 Wells Fargo Bank
 
 (1997) 53 Cal.App.4th 43, 57, 60-61 [61 Cal.Rptr.2d 694].)
 

 [2]
 

 The People move for judicial notice of an order filed by the trial court on October 16, 1984, mentioning petitioner’s litigious nature. The order is irrelevant to the issues properly before us, and we deny the motion.
 

 [3]
 

 We note that limitations on habeas corpus have long been upheld.
 
 (In re Clark
 
 (1993) 5 Cai.4th 750,763-797 [21 Cal.Rptr.2d 509, 855 P.2d 729].) For example, courts have regularly applied the doctrine of “abuse of the writ” and refused to entertain a claim presented for the first time in a second or subsequent petition for writ of habeas corpus.
 
 (McCleskey
 
 v.
 
 Zant
 
 (1991)
 
 499 U.S.
 
 467 [111 S.Ct. 1454, 113 L.Ed.2d 517];
 
 Clark, supra,
 
 atp. 769.)
 

 Also, the federal jurisdiction recently placed both substantive and procedural restrictions on the right to file what must be called “purely criminal” habeas corpus petitions by death row inmates. (Antiterrorism and Effective Death Penalty Act of 1996 [Pub.L. No. 104-132 (Apr. 24,1996) 110 Stat. 1214,1217; see also 28 U.S.C.A. § 2244];
 
 Jeffries
 
 v.
 
 Wood
 
 (9th Cir. 1996) 103 F.3d 827 [holding habeas restriction prospective only];
 
 Calderon
 
 v.
 
 United States Dist. Ct.
 
 (9th Cir. 1997) 112 F.3d 386 [holding one-year statute of limitations subject to equitable tolling];
 
 Moore
 
 v.
 
 Calderon
 
 (9th Cir. 1997) 108 F.3d 261 [finding substantive limit on writ inapplicable under the circumstances].)
 

 [4]
 

 Despite the fact the trial court was required to assess the merits of the petition before refusing to file it under the prefiling order, we direct the trial court to file the petition and evaluate it in accordance with habeas corpus procedure.
 
 (People
 
 v.
 
 Duvall, supra, 9
 
 Cal.4th at pp. 474-479.)