Filed 3/13/14  P. v. Wood CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B253590 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. LA062723) |
| v. | |
| JONATHAN WOOD, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Martin Larry Herscovitz, Judge.  Dismissed.

Richard Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Paul Roadarmel, Jr., Deputy Attorney General, for Plaintiff and Respondent.

Defendant, Jonathan Wood, purports to appeal from an order denying his motion to vacate the judgment. We noted that the order appealed from may be nonappealable. We have a duty to raise issues concerning our jurisdiction on our own motion. (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126; *Olson v. Cory* (1983) 35 Cal.3d 390, 398.) We thus issued an order to show cause concerning possible dismissal of the appeal and placed the matter on calendar.

The denial of a motion to vacate the judgment is ordinarily nonappealable. (*People v. Banks* (1959) 53 Cal.2d 370, 378; *People v. Gallardo* (2000) 77 Cal.App.4th 971, 980.) In some respects, defendant's paperwork resembles a habeas corpus petition. The denial of a habeas corpus petition is not appealable. (*In re Clark* (1993) 5 Cal.4th 750, 767, fn. 7; *In re Hochberg* (1970) 2 Cal.3d 870, 876, disapproved on other grounds in *In re Fields* (1990) 51 Cal.3d 1063, 1070, fn. 3.) Defendant argues that there is a jurisdictional sentencing error raised in his papers. We disagree. Much of defendant's papers filed in the trial court consist of unintelligible argument. Most of them involve a serious felony. No serious felony issue was ever involved in the trial court or on appeal. He never asserted in his post-judgment motion some sentencing error which potentially relates to him has occurred.

We previously affirmed the judgment. (*People v. Wood* (May 3, 2012, B230344) [nonpub. opn.].) Defendant's appointed counsel argues that jurisdictional errors have occurred including the failure to comply with our remittitur in his prior appeal. That issue is not raised in defendant's post-judgment motion. But if that is so, appointed appellate counsel need only file a mandate or habeas corpus petition directly with this court and any such issue will be promptly resolved.

DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TURNER, P. J.

We concur:

KRIEGLER, J.

MINK, J.[*]

---

[*] Retired Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.