Filed 2/22/16  P. v. Sloat CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B268727 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA075661) |
| v. | |
| CHRISTOPHER JAMES SLOAT, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Steven D. Blades, Judge.  Dismissed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Steven Mercer, Deputy Attorney General, for Plaintiff and Respondent.

Defendant, Christopher James Sloat, purports to appeal from an order denying his habeas corpus petition. We have previously given notice of our intention to judicially notice the record on appeal in *People v. Sloat* (Nov. 11, 2007, B195356) [nonpub. opn.]. (Evid. Code, §§ 452, subd. (c), 455, subd. (a), and 459, subds. (a)-(b).) We recognized that the purported appeal from the order denying defendant's habeas corpus petition may not be from an appealable order. We have a duty to raise issues concerning our jurisdiction on our own motion. (*Jennings v. Marralle* (1994) 8 Cal.4th 121, 126; *Olson v. Cory* (1983) 35 Cal.3d 390, 398.) Thus, we issued an order to show cause and allowed the parties the option, if they wish, to orally argue the dismissal issue. We conclude defendant's challenge to the denial of his habeas corpus petition is not reviewable on direct appeal. Thus, we dismiss the appeal.

A jury convicted defendant of three counts of deadly weapon assault. (Pen. Code, § 245, subd. (a)(1).[1]) The trial court found true the allegations that defendant: sustained a prior conviction within the meaning of sections 667, subdivision (b) through (i) and 1170.12, subdivisions (a) through (d); sustained a prior serious felony conviction (§ 667, subd. (a)); and he had served four prior prison terms (§ 667.5, subd. (b)). The trial court struck two of the prior prison term allegations in the interest of justice and sentenced defendant to state prison for 13 years. In his habeas corpus petition, defendant contends the two prior prison term enhancements must be stricken. It turns out those prior prison terms were for felonies which have now been reduced to misdemeanors pursuant to section 1170.18, subdivision (a). The habeas corpus petition does not seek resentencing in the present case pursuant to section 1170.18, subdivision (a). Rather, the gravamen of defendant's habeas corpus petition is that he wants two years reduced from his sentence in this case. And, he presented this issue in the trial court via a habeas corpus petition. Thus, the present case does not involve an appeal from an order denying a section 1170.18, subdivision (a) resentencing petition. The denial of a habeas corpus petition is not appealable. Thus, we have no jurisdiction to conduct review of the order denying

---

[1] All statutory citations are to the Penal Code unless otherwise noted.

defendant's habeas corpus petition.  (*In re Clark* (1993) 5 Cal.4th 750, 767, fn. 7; *In re Hochberg* (1970) 2 Cal.3d 870, 876, disapproved on other grounds in *In re Fields* (1990) 51 Cal.3d 1063, 1070, fn. 3.)

The appeal is dismissed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P. J.


We concur:


KRIEGLER, J.


BAKER, J.

3