NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 21 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHRIS ANTHONY GEORGE, | No. 18-55258 |
| Petitioner-Appellant, | D.C. No. 5:16-cv-01016-RGK-AJW |
| v. | |
| RAYMOND MADDEN, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted December 12, 2019
Pasadena, California

Before: BOGGS,** WARDLAW, and BEA, Circuit Judges.

Chris George appeals the district court's denial of his habeas corpus petition

challenging his California conviction and sentence for rape of an unconscious

person, committing a lewd act with a child, and active participation in a criminal

street gang. We review a district court's decision on a habeas corpus petition de

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

novo. *Rodriguez v. McDonald*, 872 F.3d 908, 918 (9th Cir. 2017). We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

George argues that his trial attorney provided ineffective assistance of counsel by advising George to reject a favorable plea deal. The state court rejected this claim on the merits on the ground that George failed to state a prima facie case for habeas relief. Because George's claim has been adjudicated on the merits in state court, 28 U.S.C. § 2254(d) bars relitigation of his ineffective assistance of counsel claim in federal court unless the state court decision was either "contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d)(1), or "based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding," *id.* § 2254(d)(2). *See Harrington v. Richter*, 562 U.S. 86, 98 (2011). Our "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."[1] *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

Reviewing the state court record and accepting all nonconclusory allegations in his state habeas petition as true, *id.* at 188 n.12, we conclude that the state court's holding that George failed to state a prima facie case for habeas relief is not

---

[1] The state court record "includes both the allegations of [the] habeas corpus petition . . . and . . . any matter of record pertaining to the case." *Pinholster*, 563 U.S. at 188 n.12 (quoting *In re Hochberg*, 2 Cal. 3d 870, 874, n.2 (1970)) (internal quotation marks omitted).

unreasonable. In his state habeas petition, George alleged that his trial attorney's "misadvice" caused him to reject a favorable plea deal. George, however, did not allege sufficient facts regarding how his attorney had "misadvised" him. Thus, George failed to allege facts that made plausible his conclusory allegation that such "misadvice" caused him to reject the plea deal. Because George has not demonstrated that the state court's adjudication of his ineffective-assistance-of-counsel claim resulted in a decision "contrary to" or "involv[ing] an unreasonable application" of "clearly established" federal law, or was "based on an unreasonable determination of the facts," *Harrington*, 562 U.S. at 98, we are barred from considering any evidence George submitted in the district court that he contends additionally supports his claim.[2] *Pinholster*, 563 U.S. at 188 n.12.

**AFFIRMED.**

---

[2] George briefs additional uncertified issues. They do not meet the criteria for certification, *see Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (requiring a "substantial showing of the denial of a constitutional right"), and, construing the briefing as a motion to consider those issues, *see* 9th Cir. R. 22-1(e), we deny the motion.

3