Filed 6/2/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SHIRILVIN DWAYNE HODGES,<br><br>    Defendant and Appellant. | 2d Crim. No. B323199<br>(Super. Ct. No. BA205391)<br>(Los Angeles County) |

Shirilvin Dwayne Hodges purports to appeal from the trial court's order denying his motion to vacate his sentence. We appointed counsel to represent him. After an examination of the record, counsel filed an opening brief raising no issues and requesting that we independently review the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). Appellant has filed two supplemental briefs, in propria persona. We will dismiss the purported appeal for lack of jurisdiction.

*Facts and Procedural Background*

The following procedural history is drawn from this court's unpublished decision in appellant's direct appeal from his

conviction (*People v. Shirilvin Dwayne Hodges* (Feb. 15, 2005, B171277) [nonpub. opn.]): In July 2001, appellant was convicted by jury of the following violations of the Penal Code: kidnapping (§ 207, subd. (a)), three counts of forcible oral copulation (§ 288a, subd. (c)(2)), two counts of assault with a firearm (§ 245, subd. (a)(2)), and possession of a firearm by a felon (§ 12021, subd. (a)(1)). The jury further found that appellant personally used a firearm in committing all but the firearm possession offense (§§ 12022.3, subd. (a), 12022.5, subd. (a), (d), 12022.53, subd. (a)), and that he had suffered three prior serious felony convictions (§ 667, subd. (a)(1).) The trial court sentenced appellant as a third strike offender to a total term in state prison of 230 years to life.

We affirmed the conviction in a nonpublished opinion. (*People v. Hodges*, *supra*, B171277.)

### *A Habeas Petition Masquerading as a Postjudgment Motion*

In May 2022, appellant filed a motion to vacate his sentence on the basis that the 230 years to life sentence was unauthorized because his three prior violent or serious felony convictions under the "Three Strikes" law all arose from the same underlying case. Consequently, appellant contended he should only be sentenced as a second strike offender. This was, in essence, a petition for a writ of habeas corpus. The trial court denied relief. That should have ended this litigation. (E.g., *People v. Garrett* (1998) 67 Cal.App.4th 1419 [denial of a petition for writ of habeas corpus is not appealable]; see also *In re Hochberg* (1970) 2 Cal.3d 870, 876 [same].)

### *Discussion*

Because the instant purported appeal is from an order denying postconviction relief rather than a first appeal as of right from a criminal conviction, appellant is not entitled to our

2

independent review of the record pursuant to *Wende, supra*, 25 Cal.3d 436, or its federal constitutional counterpart, *Anders v. California* (1967) 386 U.S. 738. (*Delgadillo, supra*, 14 Cal.5th at pp. 221-222, 230; see *People v. Kelly* (2006) 40 Cal.4th 106, 119 [independent judicial review mandated by *Anders* applies only to first appeal as of right]; *People v. Serrano* (2012) 211 Cal.App.4th 496, 503.) However, if the underlying order were appealable, appellant would be entitled to our consideration of any contentions raised in his supplemental brief. (See *Delgadillo*, at p. 232; *Serrano*, at p. 503.)[1] We summarily reject appellant's claims.

In his first supplemental brief, appellant asks this court to "disregard" counsel's opening brief and "reappoint . . . another lawyer," stating various contentions. For example, appellant contends counsel was "ineffective" because he did not speak with appellant in person, did not address specific case law appellant believed applied to his case, and did not challenge DNA evidence presented at trial. According to appellant, "[it is] virtually improbable" that counsel could have "thoroughly review[ed]" the record given the timeframe provided.

Appellant's contentions are meritless.

Here, counsel filed a declaration with the opening brief and declared under penalty of perjury: "I have read the entire record. I have discussed in correspondence with my client my findings and his views regarding the case." Although appellant

---

[1] On May 15, 2023, appellant filed a second supplemental brief with our permission. We have read and considered the contentions therein, which are generally repetitive and attack the validity of appellant's sentence as a third strike offender. As we explain below, appellant's contentions are not now cognizable.

would have preferred to speak directly to counsel, there is no evidence that appellant's interests were not well protected by counsel's review of the record and his written correspondence to that effect.

Furthermore, the record shows that appellant has previously filed another request in the trial court challenging his sentence as a third strike offender and citing *People v. Vargas* (2014) 59 Cal.4th 635, the case appellant contends counsel should have addressed in this appeal. The trial court properly construed the document as a habeas petition and denied it, concluding appellant was "subject to an enhanced sentence under the 'Three Strikes' law." It also expressly found that "each prior crime stems from distinct, separate, and independently-punishable acts . . . ."

Given these facts, appellant's disagreement with counsel's legal determination does not amount to ineffective representation on appeal. "A defendant seeking to discharge appointed counsel and substitute another attorney must establish either that appointed counsel is not providing adequate representation or 'that defendant and counsel have become embroiled in such an irreconcilable conflict that ineffective representation is likely to result.'" (*People v. Mayfield* (1997) 14 Cal.4th 668, 795, overruled on another point in *People v. Scott* (2015) 61 Cal.4th 363, 390, fn. 2.) Appellant has made no such showing.

We have no jurisdiction to entertain this purported appeal from the denial of appellant's "motion." We construe through form to substance. As indicated, this request is properly construed as a petition for writ of habeas corpus. The right to appeal is statutory and a judgment or order is not appealable unless expressly authorized by statute. (*People v. Mazurette*

4

(2001) 24 Cal.4th 789, 792.) An order made after judgment affecting a defendant's substantial rights is appealable. (Pen. Code, § 1237, subd. (b).) But, the trial court had no jurisdiction to entertain the request filed more than 20 years after entry of judgment. "The general rule is that 'once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence.'" (*People v. King* (2022) 77 Cal.App.5th 629, 634, quoting *People v. Torres* (2020) 44 Cal.App.5th 1081, 1084.) Because the trial court did not have jurisdiction to grant appellant's request, its order could not, and does not, affect his substantial rights. The habeas denial order is not appealable pursuant to Penal Code section 1237, subdivision (b). (*King*, at p. 634.)

*Disposition*

The appeal is dismissed.

<u>CERTIFIED FOR PUBLICATION</u>.

YEGAN, J.

We concur:

GILBERT, P. J.

CODY, J.

5

Craig E. Veals, Judge
Superior Court County of Los Angeles
_____

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.